Irons *v.* Hussey.

An action at law was submitted, by agreement, to the president and one of the associate judges of the Circuit Court, the other being absent, for trial, and, upon hearing the evidence, the president was of opinion that the plaintiff should have judgment, and the associate that the defendant should have judgment; and they could not agree. *Held,* that under such circumstances, the cause should have been continued for a new trial.

*Wednesday,*
*December* 3.

ERROR to the *Hendricks* Circuit Court.

Smith, J.—This was an action of assumpsit commenced before a justice of the peace. On appeal, in the Circuit Court, the cause was submitted to the Court, without the intervention of a jury, and judgment was rendered for the defendant.

By a bill of exceptions it appears that when the cause was heard, there were only two judges present, the president judge and one associate judge; and that, after hearing the evidence and the arguments of counsel, the president judge was of opinion that the plaintiff was entitled to a verdict, and the associate judge was of opinion the judgment should be for the defendant. There being this difference of opinion, the plaintiff moved the Court to set aside the submission of the cause, and direct a new trial, but the Court, being of opinion that a judgment for the defendant was the proper legal result of this division of the judges, overruled the plaintiff's motion, and rendered judgment accordingly.

The evidence is not set out in the record, and the only question before us is, whether, upon the disagreement of the judges, the defendant was entitled to a judgment, it being expressly stated that this was the sole ground upon which it was rendered.

The statute provides that when the parties in any suit shall, by agreement, submit any matter to the determination of the Court, such Court may hear and determine the same, and give judgment therein, without the intervention of a jury. R. S. c. 40, s. 316, p. 731. When a cause is submitted to the Court under this statutory pro-

vision, the finding of the Court takes the place of a ver-
dict. *Priest* v. *Martin*, 4 Blackf. 311. In such a case as
the present one, there being an equal division of the
judges, there could be no finding by the Court, and, con-
sequently, a judgment could not be rendered for either
party. When a jury disagrees there can be no judgment,
because the jury is unable to return a verdict. The ver-
dict must be the verdict of the jury, which it is not if it
is not agreed to by all the jurors. When an issue is
submitted to the Court, there must, upon the same princi-
ple, be a finding by the Court in favor of one party or the
other, which, it seems clear, there cannot be, if there are
but two members of the Court, and they disagree as to
such finding. There can be no finding by the Court unless
it is agreed to by the judges, or, at least, a majority of
them. Under such circumstances, the cause should be
continued for a new trial.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded, &c.

*A. A. Hammond* and *H. O'Neal*, for the plaintiff.
*C. C. Nave*, for the defendant.