## In re REFERENDUM PETITION NO. 71, STATE QUESTION NO 216.

No. 26734. Feb. 18, 1937.

Rehearing Denied March 9, 1937.

Campbell Russell and Harry A. Tallman, for petitioners.

E. F. Lester and Clay M. Roper, for protestant.

PER CURIAM. This is an appeal from a finding and ruling of the Secretary of State that the referendum petition is sufficient. By the petition it is sought to refer to the people a legislative enactment licensing and permitting the operation of slot machines. H. B. 410, art. 3, ch. 15, p. 15, S. L. 1935.

The number of valid signatures required is agreed to be 31,416. The petition as filed with the Secretary of State bore the purported signatures of 39,408 persons. Thus, in the event more than 7,992 signatures fail, the referendum petition is ineffective. Otherwise, the legal voters of the state may pass upon the measure referred.

The cause is now before the court on the report of referees and exceptions thereto. The referees (by findings 1 to 23, inclusive) determined that more than 7,992 signatures were invalid, and the referendum petition was ineffective.

An examination of the exhibits and testimony will disclose that the handwriting "expert" was in error in many instances. Thus, in this particular cause, the "expert" ceased to be an infallible guide. The result is that this court cannot, upon the testimony of such witness alone, strike from the petition the names of signers, nor attribute to circulators corrupt motives, so as to invalidate signatures obtained by them.

There are many errors and omissions contained in this referendum petition. There are many invalid signatures. There are frauds and failures on the part of the circulators.

This court might sustain finding of fact No. 18, wherein the addresses of signers in the city of Tulsa were not given, thus we would strike 2,466 signatures. In proposition No. 19, the finding is that circulators did not give the city of their address; 643 signatures are concerned. Finding No. 24 affects 2,300 names from Oklahoma county, wherein the county registrars list of registered voters, certified by the secretary of the county election board, and filed with the county clerk (sec. 5657, O. S. 1931), does not show the persons whose signatures appear upon the referendum petition to be registered voters. See In re Initiative Petition No. 142 (March 3, 1936) 176 Okla. 155, 55 P. (2d) 455; secs. 5653, 5657, O. S. 1931.

However, the number of names to be stricken under these propositions would be insufficient to invalidate the referendum petition.

It is contended in protestant's proposition No. 28 (p. 27, brief) that 14,000 purported signatures should not be counted on the ground of nonregistration. This court agrees with the rule of law suggested. In re Initiative Petition No. 142, supra. We are inclined to hold our referees in error in refusal of admission of evidence of lists of registered voters required by law, when and where the same are accurately kept (section 337, O. S. 1931), but we are not prepared to say whether such "yardsticks" are accurately kept in all counties of the state, without a particular examination and upon presentation in evidence.

The presumption is that officers perform their public duty and that such books and lists are kept accurately, but also the presumption is, when a signature appears, that no citizen signing violates the law. The con-

sequence is that a signature upon an initiative or referendum petition is presumed to be genuine. The underlying reason for this rule and conclusion under it is that, in the clash of presumptions, the court may well be guided by a particular examination.

In event, as herein presented, the evidence of invalidity is not satisfactory, the instrument will be declared sufficient for the purpose for which it was intended. It is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur.