In re INITIATIVE PETITION NO. 158, STATE QUESTION NO. 229.

No. 27501.   Oct. 8, 1940.

Rehearing Denied Oct. 29, 1940.

*106 P. 2d 786.*

Wm. M. Franklin, of Oklahoma City, for proponents.

Chas. E. McPherren, W. J. Holloway, Neal E. Maurer, and Tench Tilghman, all of Oklahoma City, for protestant.

RILEY, J. Initiative petition No. 158, presenting state question No. 229, proposes an amendment of section 3, art. 5, of the Constitution, relating to procedure in testing the sufficiency of an initiative or referendum petition.

The Secretary of State, after hearing, held same petition insufficient. This is an appeal from said decision.

Proponents gave due notice of appeal. Thereafter proponents filed in this court what is denominated, "appeal by proponents from order with reference to said measure."

Among other things it is therein alleged that: (1) The Secretary of State erred in finding and ordering said initiative petition insufficient for the reasons stated in his said order, or for any other reason. (2) The finding, conclusion, and the said order of the Secretary of State are contrary to law and contrary to the facts. (3) Said Secretary erred in not finding and ordering that said initiative petition contains a sufficient number of valid signatures to entitle the same to be submitted to the people for their approval or rejection at an election as provided by law.

Then follows the request.

"Proponents of said initiative petition respectfully request and urge that the said order of the Secretary of State, holding said petition insufficient, be reversed for and because of the apparent errors in his said findings, conclusions and order and that said petition be held sufficient, based upon the competent evidence offered before the Secretary of State and which proponents of said measure request be certified to this court by the Secretary of State; and in support of this request the proponents of said measure allege and state as follows."

Then follow certain statements of alleged error in admitting depositions of registrars as to what their records show with reference to whether certain signers were registered voters, followed by somewhat argumentative allegations, as to the consistency of such evidence, and its reliability. Then follow other allegations of alleged errors by the Secretary. The appeal or petition concludes as follows:

"Wherefore, proponents of said petition respectfully request and urge this Honorable Court to hold that the Secretary of State committed error in the respects hereinbefore indicated and that the sufficiency of said petition and the signatures thereon be sustained upon the competent evidence before the said Secretary of State and which will be of

record in this matter in this court; and that proponents and petitioners be granted all other proper and equitable relief to which they are entitled."

The Secretary of State certified all the proceedings had before him, from the date of filing the petition, including evidence taken before him and depositions taken at various places. This was made up in two volumes, and certified to as being a true and complete transcript of all the documents, pleadings and papers filed, and of the evidence, both oral and documentary, introduced, and proceedings had, objections made, exceptions raised, and order made in the hearing in Re State Question No. 229, Initiative Petition No. 158, before him, the Secretary of State.

Protestant apparently took the statements made in the appeal and the requests and prayers therein to call for a review of the proceedings had before the Secretary of State rather than for a trial de novo in this court.

Proponents apparently took the opposite view. Numerous motions and countermotions were filed going to that and other questions. On August 17, 1937, there was filed a stipulation signed by the attorneys for the respective parties as follows:

"It is stipulated and agreed by and between Wm. M. Franklin, attorney of record for the appellants, and W. J. Holloway, Tench Tilghman, Neal E. Maurer and Chas. E. McPherren, representing the appellee, on the above appeal, that the appeal herein is to be considered and determined by the Supreme Court of Oklahoma as to all questions presented on the records heretofore filed herein. That it is the contention of appellants that the trial on this appeal to the Supreme Court must be de novo and that the only competent evidence in the record consists of the pamphlets that comprise the initiative petition and which are now in evidence before the court. That in the event such contentions are sustained the appellee stipulates that he will deduce no evidence and that the said petition may be considered in evidence." The word "further" before the word "evidence" in the last sentence was stricken out.

After this stipulation was filed the parties themselves could not agree on what it meant.

The matter of construction of the agreement was submitted to the court on February 21, 1938, and this court entered the following order:

"* * * The court after examining the stipulation on file and the briefs heretofore filed, finds that the parties do not agree as to the meaning of the stipulation; that appellants contend that if the trial is to be de novo here, there is no record proper before the court except original petitions and the protests thereto and that the other parts of the 'record' filed herein are not in evidence, and cannot be considered or introduced in evidence because appellees have agreed to introduce no evidence; that appellees, on the other hand, contend that no further evidence is to be introduced, that the stipulation, however, means that the evidence appearing in the transcript as a part of the records filed herein is to be considered, and that the intent of the stipulation is to submit the case on the identical issues presented to the Secretary of State, and on the records made before him, including the evidence as recorded.

"It appearing to the court that this court has not so defined the term 'record' or 'records' as relating to proceedings such as here so that it can be determined as a matter of law what the parties to said stipulation intended hereby; and it further appearing that the trial herein is de novo, and that a reference for hearing should be had, *unless the parties agree that the proceedings before the Secretary of State, including the petition, protest, all documents, depositions and transcriptions of evidence, as same now appear on file in this court, shall be the record and documents upon which the case is to be decided.*

"It is, therefore, considered and ordered that each of the parties hereto on or before the first day of March, 1938, file with this court his election to submit the case without further evidence, or his objection to such submission, and it is further ordered that in case said election be made by both parties, the cause shall stand submitted as upon all the records, documents, depositions and evidence as transcribed and certified to this court, the same as if such had been formally offered at a trial in this court, and no other or further evidence shall be heard herein, and it is further ordered the cause will be considered as so submitted if one of said parties so elects and the other fails to object thereto within said period of time.

"It is further ordered that in case such election is made within said period of time, each party shall within ten days after said date file herein, in typewritten or printed form, such additional memorandum of authorities as he may desire, serving the opposing counsel with copy thereof, each party to respond to his opponent within five days after service, and the cause shall thereupon without further motion, briefs or argument, stand submitted for decision.

"In case election is not made or if objections are filed, the court will thereupon make such further orders as may be proper to procure disposal of said cause. * * *"

Within the ten days, protestant, appellee herein, filed his election or agreement that the appeal should be considered and determined by the court as to all questions presented on the record theretofore filed in this court, as suggested by the court. Within said ten days, proponents, appellants herein, filed their election and objection wherein they stated:

"* * * We have never agreed and will not agree that the evidence offered by protestant in the hearing before the Secretary of State may be considered as evidence by the court on this appeal."

Thereafter, on March 22, 1938, the court entered the following order:

"*Now, on this the 22d day of March, 1938, it appearing to the court that the appellants have elected to appeal to this court to try the foregoing cause de novo, and have declined to submit the cause as suggested in the order of this court of February 21st, 1938:*

"It is therefore considered and ordered by the court that this cause be and the same is hereby referred to the Honorable M. J. Northcutt, Referee of this court, for further proceedings; and said referee is directed to set said cause for hearing

and to proceed therewith as speedily as possible and to report to this court his findings of fact and conclusions of law."

Under this order of reference hearings were had before the Referee where proponents again contended, under the stipulation above referred to, that protestants, though ordered to trial de novo, could introduce no evidence whatever. Thereupon counsel for protestant again offered to submit the case on the record made before the Secretary of State and to offer no evidence except that within the record. Counsel for proponents declined to agree.

Finally the Referee announced that trial would be de novo as directed by the court. Whereupon protestant announced that in view of the position taken by the counsel for proponents and the alleged withdrawal by said counsel of all waivers that had been entered into by counsel under which the depositions were taken for use as evidence before the Secretary of State, that he would not offer any part of the record made before the Secretary of State, "not a syllable of it."

Thereupon the hearing before the Referee proceeded, and protestant presented evidence anew, and did not offer in evidence any of the depositions theretofore taken, nor any of the other evidence presented to the Secretary of State.

At the close of the evidence, the Referee requested both parties to present their requests for findings of fact and conclusions of law.

Thereafter proponents filed certain requests as to findings. The first nine requests call for construction by the Referee of the order of the court of February 21, 1938, and the order of reference of date of March 22, 1938, and for construction of the stipulation above mentioned. Request No. 10 requests the Referee to find "whether registrar's records and the testimony of so-called handwriting experts are sufficient to overcome the presumption of genuineness and legality of signatures to the petition, and in this connection appellants request

answers to the following questions: "* * * (1) If a woman is registered as Mrs. R. L. Brown (uses her husband's initials) and she signs a petition Mary Jane Brown, or Mrs. M. J. Brown, is such signature valid?" Then follow some five other similar questions.

Protestant filed request for findings of fact and conclusions of law. Thereafter the Referee filed his findings of fact and conclusions of law.

Findings of fact state that in pamphlets coming from ten counties, at least 14,448 persons who had signed the petition were not registered voters. The correct number is 17,188, there being errors in adding the totals from said counties. The Referee further finds that the total number of signatures appearing on the pamphlets filed with the Secretary of State was 101,165; that the number of valid signatures necessary to sustain the petition is 94,250.

The Referee finds and concludes that at least 14,448 signatures of nonregistered persons should be stricken. That alone would leave but 86,717, or 7,533 less than the required number. The Referee also makes finding of fact under which he concludes that 4,411 other signatures should be stricken for various reasons.

The Referee finally concludes as a matter of law under the facts shown by the evidence that the petition is insufficient; and that the protest should be sustained. The protestant requested certain additional findings of fact and conclusions of law, which were in effect denied by the Referee. Protestant, however, has filed a motion to confirm the findings of fact and conclusions of law by the Referee.

The matter is now before us on said motion to confirm, response of proponents thereto, and objection and exceptions of proponents to the finding of fact and conclusions of law of the Referee. Oral argument was allowed. Substantially the only matters presented by protestant is the matter of the construction of the stipulation above mentioned.

Proponents, appellants herein, insist that the order of this court entered on February 21, 1938, is not a final consideration of said stipulation and again insist that under said stipulation protestants were not entitled to introduce any evidence on the appeal.

In support of this proposition, proponents contend that the words, "On the records heretofore filed herein," as used in said stipulation, cannot be construed so as to include the transcript of evidence taken before the Secretary of State, nor depositions taken and used in the hearing before the Secretary, although they were all on file in this case, duly certified at the time said stipulation was entered into, and at the request of appellants. Counsel for proponents contends that the word "records" used in said stipulation must be given the same meaning that the word "record" or "record proper" are generally given when used in connection with judgments of courts of general jurisdiction.

Proponents contend that the evidence, taken before the Secretary of State, whether oral or documentary, can only be made a part of the record for the purpose of appeal by bill of exceptions or case-made settled and signed as in case of appeals to this court.

We declined to give the stipulation that construction when the matter was before us on February 21, 1938, for the reasons then stated. This court has not so defined the term "record" or "records" as relating to proceedings such as here, so that it cannot be determined as a matter of law what the parties to said stipulation intended thereby.

We gave counsel the opportunity to agree that the proceedings taken before the Secretary of State, including the petition, protest, all documents, depositions, and transcriptions of evidence, as same then appeared on file in this court, should be the record and documents upon which the case was to be decided. Protestants readily and promptly agreed thereto. Proponents declined. The result was a reference for trial de novo.

We adhere to our former holding that this court has not so defined the term "record" or "records" as relating to proceedings before the Secretary of State to test the sufficiency of an initiative petition, so that it can be determined as matter of law what the parties to a stipulation such as the one here involved intended by the use of said term "records heretofore filed." The result is it cannot be said as a matter of law that there was a meeting of the minds of the stipulating parties as to the meaning of said terms as there used.

We ordered a trial de novo because the parties could not agree. Trial de novo was had, and the stipulation needs no further consideration.

It is therefore unnecessary to consider the request of proponents for findings of fact and conclusions of law going to the construction of the stipulation.

Request No. 10 for the most part goes to questions not put in issue in this case. There was no error in failing to answer the particular questions propounded.

The Referee's findings as to the total number of signatures to the petition as presented to the Secretary of State and the number necessary to sustain the petition are not challenged.

If the finding that 14,448 signatures not of registered voters is sustained by the evidence, that of itself is enough to defeat the petition. A careful review of the record will show abundant evidence to support this finding. The correct number of nonregistered signers shown by the evidence is 17,188 instead of 14,448.

It is therefore unnecessary to consider the findings as to the 4,411 signatures challenged on other grounds. It is also unnecessary to consider requests for findings of fact by protestants as to signatures challenged on still other grounds.

It appearing from the facts as found by the Referee, and supported by the evidence, that the petition contains no more than 86,717 valid signatures and

that 94,250 valid signatures are required to sustain the petition, the Referee's finding that the petition is insufficient for want of a sufficient number of valid signatures must be, and is hereby, approved.

It is therefore adjudged by this court that initiative petition No. 158, presenting state question No. 229, is wholly insufficient for want of the required number of valid signatures of legally qualified electors, and is not entitled to be submitted to the people for their approval or rejection, and the Secretary of State shall so certify.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, DAVISON, and DANNER, JJ., concur. OSBORN and CORN, JJ., absent.