SHARP v. LEE et al.

No. 33459.   Oct. 19, 1948.

Rehearing Denied Dec. 14, 1948.

*200 P. 2d 756.*

Mont T. Sharp, of Muskogee, for himself as plaintiff in error.

Julian B. Fite, of Muskogee, for defendants in error.

BAYLESS, J. This suit challenges the legality of an election upon a measure to amend the charter of the city of Muskogee. A special election w a s called by the mayor of the city of Muskogee after a sufficient initiative petition was submitted to the proper officials of the city. The mayor appointed the election officials, who conducted said election at which the measure was defeated. The plaintiff then brought this action alleging that the city charter did not contain sufficient provisions without the aid of the initiative and referendum law of the state to exercise the powers of the initiative and referendum, and that since the provisions of the state law were not complied with, the election so held was void and of no effect. It is the plaintiff's contention that the mayor exceeded his authority in appointing the election officials and that the city mayor failed to perform his duty when he did not submit the amendment to the county election machinery, and that therefore the election was conducted by improperly appointed officials, and for that reason no legal election was held; and that the petitioners are now entitled to a legally conducted election upon the amendment. He asks for mandamus ordering the mayor and city clerk to perform their duties in accordance with the state initiative and referendum laws and to properly submit the proposition to the electors at another election.

It is the contention of the defendants that the election was legally conducted and that the mayor was acting within his authority in appointing officials. They argue that even if the election was conducted by improperly appointed officials as contended by plaintiff, it is a mere irregularity and will not affect the validity of the election.

The question to be determined on this appeal is: Was the mayor acting within his authority in appointing officials to conduct the election?

An examination of the charter of the city of Muskogee fails to disclose an enactment of the right of the people to initiate a measure to amend the charter or the exact procedure to be followed in so doing. In the absence of such provision in the charter, the procedure to be followed will be governed by the Constitution and the statutes of the state. The Constitution, art. 18, §3(a), reads in part as follows:

". . . The Charter so ratified may be amended by proposals therefor, submitted by the legislative authority of the city to the qualified electors thereof (or by petition as hereinafter provided) at a general or special election, . . ."

The Constitution, art. 18, §4 (e), provides:

"When such petition demands an amendment to a charter, the chief executive officer shall submit such amendment to the qualified electors of said municipal corporation at the next election of any officers of said corporation, and if, at said election, a majority of said electors voting thereon shall vote for such amendment, the same shall thereupon become an amendment to and a part of said charter, when approved by the Governor and filed in the same manner and form as an original charter is required by the provisions of this article to be approved and filed."

The statutes relative to the question under consideration are 34 Okla. St. Ann. §51, and 11 Okla. St. Ann. §561. Section 561, supra, provides in part:

"The Charter so ratified may be amended, revoked or abolished by proposals therefor submitted by the legislative authority of said city to the qualified electors thereof to be voted for at any general or special election or said proposals to amend, revoke or abolish such charter, may be submitted by a petition signed by a number of

qualified electors residing within the corporate limits of such city, equal to twenty-five per centum, of the total number of votes at the last general or special election held in such municipality, and the proceedings shall be construed liberally in favor of the petitioners. Upon the filing of a petition, signed by the required number of electors, qualified to vote in the proposed election, as the same appears on the face of the petition, with a copy of the proposed amendment, substitution, revocation or repeal of the charter, said executive authority must issue a proclamation calling a special election to ratify or reject such amendments, substitution, revocation or repeal, and such special election shall be held not later than twenty-five days after said petition has been filed; provided that said amendments, substitution, revocation or repeal, may be submitted to any general election if any to be held in such municipality within thirty days of the filing of said petition, such proposed amendments, substitution, revocation or repeal shall be ratified in such election by a majority of the qualified electors voting thereon."

We are of the opinion that the general and special elections referred to in both the Constitution and statutes above quoted are city elections in which city officers are elected and city issues decided as distinguished from the state special and general elections that have to do with the election of state officers and the passing of measures that affect the people of the state as a whole. The procedure for holding city elections for the city of Muskogee has been provided by article II of the charter of the city of Muskogee. Article II, §8 of the charter provides:

"The Mayor of the City of Muskogee shall be the chief election officer for elections for municipal officers, and shall call all elections and name a judge, a clerk and an inspector for each precinct, and shall also name two official counters for each precinct. Such officers shall be named by him at least ten days prior to the holding of the election in which they are to serve."

Therefore, since the charter makes the mayor the chief election officer and authorizes him to appoint election officials, we are of the opinion that he was acting within his authority in so doing in the special election held for the purpose of voting on a measure initiated by the people of Muskogee to amend the charter of the city of Muskogee.

Affirmed.

HURST, C. J., and RILEY, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.