In the Matter of REFERENDUM PETI-
TION NO. 119, STATE QUESTION
NO. 381.

No. 38091.

Supreme Court of Oklahoma.

May 19, 1959.

Charles Hill Johns, Oklahoma City, for petitioner.

Frank Carter, Enid, for protestants.

PER CURIAM.

This is a proceeding commenced to review the findings of the Secretary of State declaring Referendum Petition sufficient. The hearing in this court is a trial de. novo. In re Initiative Petition No. 142, State Question No. 205, 183 Okl. 343, 82 P.2d 803.

On August 27, 1957, there was filed in the office of the Secretary of State Referendum Petition No. 119, designated State Question No. 381, for the purpose of referring to the people of Oklahoma a measure of legislation designated as Senate Bill No. 367 of the 1957 Legislature which had for its purpose the exemption from the sales tax certain articles used in agriculture.

The Secretary of State counted as valid 52,385 signatures. A protest was filed to the sufficiency of the petition and it being declared sufficient by the Secretary of State, a proceeding was filed in this court protesting the finding of the Secretary of State. A hearing was conducted thereon before a referee of this court upon order of this court. A report of the referee was duly filed in which report the referee found 42,182 valid signatures. It having been stipulated and agreed that 42,968 genuine signatures were necessary for a sufficient petition the referee therefore found that the Referendum Petition was insufficient.

The parties duly filed their exceptions to the findings of the referee and this matter now comes on for disposition on the findings of the referee and the exceptions thereto by the parties.

The parties shall be designated as they originally appeared before the Secretary of State, to-wit: petitioner and protestants.

The referee found 5,306 signers, resident in Oklahoma County, were not registered voters at the time the petition was filed; that 1,521 of the signers in Tulsa County were not registered voters at the time the petition was filed; and that 686 signers, resident in Muskogee County, were not registered voters of Muskogee County on the date the completed petition was filed in the office of the Secretary of State. The referee further found 725 signers gave no post office address; that 301 signers gave no street address in Tulsa or Oklahoma City; that 342 signers did not give their christian names or initials; that 398 names were signed by persons other than the signers, said persons being signers purporting to act as agent for the remaining purported signers; that 655 names were those of alleged signers written by the circulator of the pamphlets involved or some other unauthorized person not a signer; that 119 names were eliminated because the circulator acted as notary; that 50 names should be eliminated by reason of the difference between signers signing the petition more than once and duplications of names challenged for numerous reasons by the protestants. By reason of these findings the referee eliminated as invalid a total of 10,103 names, thus arriving at the above stated conclusion that the completed petition consisted of 42,182 genuine signatures.

Petitioner has filed a general objection to the findings of the referee but raises only the specific challenge to the findings as to the nonregistered voters. The petitioner objected first to the evidence of proof of correctness of the records of registration, and, second to the evidence offered by the witnesses of protestants as to the nonregistration.

■ A certificate of the Secretary of the Election Board of Oklahoma County

was introduced which stated that the records of registered voters were kept according to law and were complete. In the absence of evidence by the petitioner that the records were incomplete this is a sufficient showing of the correctness of the records, since the presumption is that public officials perform their duty. In re Referendum Petition No. 71, State Question No. 216, 179 Okl. 381, 65 P.2d 985; In re Referendum Petition No. 11, City Ordinance No. 7375, City of Oklahoma City, Okl., 294 P.2d 548.

There is no presumption of accuracy as to the check of these records and it is the duty of protestants to offer clear and convincing evidence of nonregistration. For this purpose protestants presented, in the form of exhibits, a list of 5,362 names of persons not registered in Oklahoma County. This check was made by a supervisor and her assistants. The supervisor and her assistants carefully and accurately checked this list against the registration records of Oklahoma County and the supervisor and each assistant testified as to the method and accuracy of their individual check.

The petitioner argues this method of proof was insufficient. We know of no rule in such cases that requires one person to testify as to all of such facts, or that testimony by different persons as to the contents of the registration books is not regular or competent.

The referee found from the evidence that of this list 5,306 were the names of persons not registered in Oklahoma County. We have reviewed the evidence and approve the finding of the referee. The evidence discloses an accurate check of these names by the protestants against the registration list of Oklahoma County and such check disclosed the names on the list were not registered between the date of the circulation of the petition and the date of the filing thereof in the office of the Secretary of State on August 27, 1957.

Petitioner next asserts that it is undisputed that 2,006 signers challenged by protestants in this particular list were shown to be registered and cited cases to the effect that each signature on such a petition is presumed to be that of a person duly registered and qualified to vote. See In re Initiative Petition No. 142, supra; In re State Question No. 236, Referendum Petition No. 73, 183 Okl. 355, 82 P.2d 1017; In re Initiative Petition No. 249, 203 Okl. 438, 222 P.2d 1032. We find no fault with the holdings in these cases. However, they are not here controlling on the point in question for the reason that in the present case the protestants produced approved evidence as hereinbefore stated to meet the presumption that the 5,362 persons were not registered voters in Oklahoma County at the time of the filing of the petition. The petitioner offered evidence at the hearing on December 8, 1958, to prove that 2,006 signers of the 5,306 were duly registered voters at the time of said hearing. Petitioner offered no evidence to prove that any of the 2,006 were registered voters at the time the petition was filed. This burden of proof was on the petitioner and petitioner failed to meet this challenge. Having failed to meet this necessary burden of proof the presumption was that all of these 2,006 persons were registered after the date of the circulation and filing of the petition.

Petitioner also argues that if the signer of the petition is a registered voter at the time of the hearing said signer is a registered voter within the meaning of that term as judicially defined by the opinions hereinbefore referred to. We do not agree.

This court has heretofore held that a signer of an initiative or referendum petition must be a registered voter before he is eligible to sign such petition. In re Initiative Petition No. 142, State Question No. 205, 176 Okl. 155, 55 P.2d 455. The rule announced therein was approved in In re Referendum Petition No. 71, supra; In re Referendum Petition No. 73, supra; In re Initiative Petition No. 249, supra, and other cases. In re Initiative Petition No. 142, supra, was last cited and followed

in In re Referendum Petition No. 11, City of Oklahoma City, supra. Therein the syllabus states [294 P.2d 549]:

"Under the provisions of 34 O.S. 1951 § 23, only those who are legally entitled to vote on a proposition are eligible to sign an initiative or referendum petition with reference thereto. In re Initiative Petition No. 142, State Question No. 205, 176 Okl. 155, 55 P.2d 455."

In the opinion it is stated:

"This court has heretofore held In re Initiative Petition No. 142, State Question No. 205, 176 Okl. 155, 55 P. 2d 455, that only those persons who are registered voters are eligible to sign initiative or referendum petitions. * * *"

■ We therefore hold that a signer must be registered and qualified to vote at the time of signing to be a qualified signer of said petition and acceptable evidence that the signer is not registered between the commencement of the circulation and the date the completed petition is filed in the office of the Secretary of State removes the presumption that such signer is registered. The petitioner must then offer evidence that such challenged signer was duly registered between those dates and evidence that a check was made after the date the completed petition was filed that does not disclose the signer was registered at some time during the circulation of the petition is not competent evidence of registration within the meaning of the above cases.

The finding of the referee as to the nonregistered signers in Oklahoma County is supported by the evidence and is hereby approved.

Protestants offered evidence similar in all respects as to 1,521 names of the signers in Tulsa County and petitioner made a showing identical to that made in Oklahoma County as to 762 of these names. What has been said above applies to the finding as to nonregistered signers in Tulsa County, and the finding of the referee as to the nonregistered signers in Tulsa is hereby approved.

Protestants offered evidence similar in all respects as to 686 signers resident in Muskogee County. There was no competent evidence introduced by the petitioner to contest the 686 names challenged as not registered in Muskogee County. The finding of the referee as to the signers not registered in Muskogee County is approved.

■■ There are no specific objections to the findings of the referee as to the other challenged signers and no error is shown as to such findings. In In re Initiative Petition No. 158, State Question No. 229, 188 Okl. 111, 106 P.2d 786, it is stated:

"Where a hearing of an appeal from the order of the Secretary of State as to the sufficiency of an initiative petition has been referred to a referee of this court with directions to set the case for hearing and proceed therewith, and report to this court his findings of fact and conclusions of law, and trial de novo is had before such referee, the findings of fact of the referee will be approved where there is sufficient evidence to support such findings."

The findings of the referee that the petition is insufficient is hereby approved and the referendum petition is declared insufficient.