Robert L. SHELTON and William B. Markham, Appellants and Plaintiffs in Error,

v.

William F. LAMBERT, City Auditor and Chief Clerk, and James Maxwell, Mayor of the City of Tulsa, Oklahoma, Respondents and Defendants in Error.

No. 41202.

Supreme Court of Oklahoma.

Feb. 9, 1965.

Ted R. Fisher, Tulsa, for appellants.

Clarke W. Ford, Louis Levy, Asst. Municipal Counselor, Tulsa, for respondents.

DAVISON, Justice.

In this proceeding, brought here by appeal from a decision of the City Auditor of the City of Tulsa (in his capacity as the municipality's chief clerk), the court is called upon to determine. whether Initiative Petition No. VII is sufficient for submission to a vote of the municipal electorate. The initiative measure here in question proposes to amend the city charter by adding thereto

a new section. The section sought to be included provides as follows:

> "The City of Tulsa, acting through the Mayor and Board of Commissioners of said City shall be prohibited from approving any Urban Renewal plan or incurring any indebtedness involving expenditure of Federal or local funds until such Urban Renewal plan shall have been submitted to and approved by a majority of qualified property tax-paying voters at a special election held for that purpose."

After an adverse decision by the City Auditor, appellants, who are the sponsors of the measure under consideration, brought this appeal in an effort to procure our declaration of the petition's validity. Appellants will be designated as "proponents." The nominal appellees who are the municipal officials named in the caption, as well as those persons who appeared here to continue the prosecution of their protests to the sufficiency of the petition, will be referred to collectively as "protestants."

In conformity to the principles enunciated by this court in the decisions to be cited, this cause was initially assigned to a referee with directions to afford the appealing proponents full relief by trial de novo and to report his findings of fact and conclusions of law. In re Initiative Petition No. 23, etc., 35 Okl. 49, 127 P. 862, 864; In re Initiative Petition No. 2 of Cushing, etc., 157 Okl. 54, 10 P.2d 271; In re Initiative Petition No. 4, etc., 165 Okl. 8, 23 P.2d 677; In re Initiative Petition No. 249, etc., 203 Okl. 438, 222 P.2d 1032.

At the very inception of the trial de novo protestants expressly withdrew or dismissed all of their objections to the sufficiency of the proposed measure. No one else came forward in the proceedings before the referee to offer, either by evidence or by argument, any challenge to the petition's validity.

The referee, who regarded the dismissal of protestant's objections as an abandonment of the protests within the meaning of 34 O.S.1961, § 8, allowed the protests to be withdrawn subject to being revived "by any other citizen" within five days from the abandonment. After that period had expired the referee ruled that the withdrawal stood irrevocably effected and declared the protests abandoned. He then treated all disputed issues of fact and law, properly cognizable or to be formed in the proceedings, to have been effectively removed from the court's cognizance, leaving for judicial determination the sole question of the petition's conformity, on its face, to the constitutional and statutory requirements. Addressing himself to that single task, the referee found the petition valid for submission to a vote.

■ This procedure was correct. The withdrawal or dismissal of a protest to an initiative measure is in effect its abandonment within the meaning of 34 O.S.1961, § 8. Upon such withdrawal the protest is treated as abandoned subject to the right of "any other citizen" to revive it within five days from the abandonment. In re Initiative Petition No. 112, etc., 154 Okl. 257, 7 P.2d 868.

■ The statutory provisions which allow a challenge to the sufficiency of an initiative petition contemplate an expeditious protest, prosecuted with a view to a speedy settlement of the disputed issues. Upon withdrawal of a protest, or on failure to prosecute it with due diligence, the Supreme Court will not needlessly delay the cause of those who propose the measure. In re State Question No. 241, etc., 187 Okl. 271, 102 P.2d 861, 862; In re Initiative Petition No. 10, etc., 186 Okl. 497, 98 P.2d 896; see also, In re Initiative Petition No. 271, etc., Okl., 373 P.2d 1017, 1018.

■ There was therefore no error in allowing all protests to be withdrawn before final submission of the cause and in treating them as abandoned within the meaning of 34 O.S.1961, § 8. However, in the instant matter the protestants declined to stipulate that the petition is legally sufficient and the duty remains ours to determine the sufficiency thereof.

■ The City of Tulsa has a charter form of municipal government. Its charter fails to provide however any procedure for the exercise of the people's initiative powers. Instead, the charter adopts and incorporates all constitutional and statutory law relating to the manner in which a measure may be initiated. In this posture of the municipal law, the validity of the petition under consideration is to be measured by its conformity to the constitutional and statutory requirements. In re Initiative Petition No. 2 of Cushing, etc., supra (P. 279, 10 P.2d); In re Initiative Petition No. 13 of Oklahoma City, Okl., 369 P.2d 458, 459.

■ The precirculation filing (with the City Auditor) of a blank copy of the petition, as required by 34 O.S. 1961, § 8, was effected on January 31, 1964. The petition, whose signed copies were timely filed on April 29 and 30, 1964 (within 90 days after the initial filing as required by 34 O.S.1961, § 8), consists of 659 pamphlets containing a total of 19,055 signatures. A petition initiating an amendment to a municipal charter, as is the case here, is required to bear that number of signatures thereon which equals 25 per centum of the total number of votes cast at the next preceding election. Art. 18, Sec. 4(b) Okl.Const. The term "next preceding election," as it is employed in the cited provisions of the Constitution, means the general municipal election next preceding the circulation and filing of a petition. In re Initiative Petition No. 13, of Oklahoma City, etc., supra; see also In re Initiative Petition No. 272, etc., Okl., 388 P.2d 290, 292. According to a stipulation in the record, the general municipal election in the City of Tulsa which next preceded the circulation and filing of the instant petition was held April 3, 1962. The total vote cast in that election was 58,669 and 25 per centum thereof is 14,667. Predicating, as we must, the numerical sufficiency of the signatures upon the figure last given, the petition bears 4,388 signatures in excess of the minimum number required by Art. 18, Sec. 4(b) Okl.Const. (19,055 minus 14,667).

■■ On trial de novo the burden devolves on protestants to overcome, by competent evidence, the presumption that all signatures on the petition are genuine and the signatories duly qualified. In re Initiative Petition No. 272, etc. supra. In this task protestants could not be aided by the usual presumption that the lower tribunal's decision is regular and correct. The appeal from a decision of the city clerk in a contest over the sufficiency of an initiative petition effects a transfer of the cause to the Supreme Court for a *trial de novo*. In re Initiative Petition No. 2 of Cushing, etc., supra; In re Initiative Petition No. 4, supra; In re Referendum Petition No. 1, etc., 182 Okl. 419, 77 P.2d 1152, 1154. A trial de novo affords the litigants a complete reexamination of issues, both of law and fact, which the lower tribunal was authorized to consider. In re Initiative Petition No. 260, etc., Okl., 298 P.2d 753, 756; In re Initiative Petition No. 10, etc., supra; In re Referendum Petition No. 1, etc. supra. When heard de novo, a cause is considered in the same manner as if it had originated before the tribunal to which it stands removed. Since on trial de novo all issues which may properly be litigated stand submitted for re-examination as though they had never been resolved before, there exist, in legal contemplation, no previous findings to which the law will attach a presumption of correctness. In re Initiative Petition No. 158, etc., 188 Okl. 111, 106 P.2d 786, 787, 790; Stuart v. King, 203 Okl. 23, 217 P.2d 540, 545; In re Initiative Petition No. 260, etc., Okl., 298 P.2d 753, 757.

■ We conclude that the burden of proof on trial de novo rests, as before, on protestants, precisely as in the lower tribunal. In re Initiative Petition No. 249, etc., 203 Okl. 438, 222 P.2d 1032, 1034. Such burden does not shift even though the decision below was in protestants' favor. In re Initiative Petition No. 142, etc., 183 Okl. 343, 82 P.2d 803.

The referee committed no error in concluding that upon protestants' failure to present on trial de novo any evidence as to the numerical insufficiency of the proposed measure, the presumption that all signatures upon the petition were genuine and the signatories qualified did prevail.

■ The petition is, on its face, free from vitiating defects and conforms to the constitutional and statutory requirements. It is therefore declared sufficient for submission to a vote of the municipal electorate.

The decision of the City Auditor is accordingly set aside; the municipal officials named in the caption hereof are directed to proceed, in conformity with the applicable law, with submission of the measure to a vote of the people.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.