In re Initiative Petitions Nos. 16, 17 and 18, of The City of Oklahoma City, Oklahoma.

Hugh L. BELISLE, Appellant-Proponent,

v.

Orvin CRIST, City Clerk, and George H. Shirk, Mayor of Oklahoma City, Oklahoma, Appellees-Protestants.

No. 41386.

Supreme Court of Oklahoma.

Feb. 28, 1967.

Willis R. Stark, Jones, for appellant-protestant.

Roy H. Semtner, Municipal Counselor, Giles K. Ratcliff, Asst. Municipal Counselor, Oklahoma City, for appellees-protestants, Orvin Crist, City Clerk, and George H. Shirk, Mayor of the City of Oklahoma City, Okl.

McClelland, Collins, Sheehan, Bailey, Bailey & Short, by William F. Collins, Jr., Oklahoma City, for protestants.

DAVISON, Justice.

This is an appeal from the ruling of the City Clerk of the City of Oklahoma City holding Initiative Petitions Nos. 16, 17 and 18, having for their purpose the amendment of the Charter of Oklahoma City, insufficient.

The evidence discloses that the total number of votes cast in the City election of April 2, 1963, was 8,374. This election was the election immediately preceding the filing of the petitions. Twenty-five per centum of that total is 2,094. The record discloses that Initiative Petition No. 16 contains 2,421 signatures; Initiative Petition No. 17 contains 2,456 signatures; and Initiative Petition No. 18 contains 2,521 signatures, or a complete total of 7,398 signatures.

The City "primary" which immediately preceded the election of April 2, 1963, was held March 19, 1963, and was a city-wide election. The total number of votes cast in that election was 50,677. Twenty-five per centum of such total is 12,669.

The city-wide "general" election which immediately preceded the filing of the petitions under consideration was held in 1959. In that election the total number of votes cast for the mayor was 94,334. Twenty-five per centum of such total is 23,584.

It appears from essential evidence necessary for the determination of the controversy before us that the single issue is as to which election, above referred to, is controlling. If the next preceding "primary" election or if the next preceding "general" election controls the controversy, the petitions are insufficient for the failure to obtain the required number of signatures. Conversely, if "next preceding election" includes the election of April 2, 1963, the Initiative Petitions contain a sufficient number of signatures and in that event the ruling of the City Clerk should be reversed.

Oklahoma City operates under the Charter form of Government. As applied to this case the charter provides:

"Section 9. Amendment to Charter. This Charter may be amended at any time at an election at which the proposed amendment is submitted to a vote of the qualified electors of the City, by a majority vote of the electors voting at such election on such proposed amendment.

"The Council may submit any proposed amendment to this Charter at a vote of the qualified electors of the City at any general election or at a special election. At such elections the General Election Laws of the State shall govern.

"Section 10. Initiative and Referendum Vitalized. Section 4-a, Section 4-b, Section 4-c, Section 4-d and Section 4-e of Article Eighteen of the Constitution of the State of Oklahoma, under the title, 'Initiative and Referendum,' are hereby adopted and made in full force and effect as if copied word for word in the body of this Charter, and Title 34, Oklahoma Statutes, 1951, 'Initiative and Referendum,' and all sections thereof, are hereby adopted in full force and effect as if copied word for word in the body of this Charter; and repeal thereof shall not constitute an amendment to or removal from this Charter."

Art. 18, Section 4(b), Constitution of Oklahoma, provides:

"Every petition for either the initiative or referendum in the government of a municipal corporation shall be signed by a number of qualified electors residing within the territorial limits of such municipal corporation, equal to twenty-five per centum of the total number of votes cast at the next preceding election, and every such petition shall be filed with the chief executive officer of such municipal corporation."

■ A petition which initiates an amendment to a municipal charter is required by the terms of Article XVIII, Sec. 4(b), Oklahoma Constitution, to contain signatures which equals "twenty-five per centum of the total number of votes cast at the next

-preceding election." The term "next preceding election," as used in said Article, refers to a city election as distinguished from a state election, (Sharp v. Lee, 201 Okl. 49, 200 P.2d 756, 757), and has been heretofore construed by our decisions to mean a general municipal election. In re Initiative Petition No. 13 of Oklahoma City, Okl., 369 P.2d 458, 459; Shelton v. Lambert, Okl., 399 P.2d 467, 470.

Under the pertinent provisions of its municipal charter, Article X, Sec. 1 (last amended April 2, 1957), Oklahoma City holds "on the third Tuesday in March of each odd numbered year * * * a primary election for the nomination of candidates for the offices of Councilmen from each ward," and "on the third Tuesday in March of the year 1959, and each succeeding fourth year thereafter, there shall be nominated by qualified electors from the City at large candidates for the office of Mayor." Candidates for councilmen are nominated "by the qualified electors of their respective wards * * *." Two councilmen from each ward serve staggered terms of four years which expire every two years. Art. II, Sec. 2, Oklahoma City Charter. The nominations and elections are effected by a nonpartisan ballot. Art. X, Sec. 5 of the Charter.

In conformity with what appears to be mandatory by force of 11 O.S.1961, § 37, as last amended in 1945 (S.L.1945, p. 29, § 1), Art. X, § 1 of the Charter provides that it shall not be necessary to place on the ballot in the general election the name of any candidate who is unopposed for an office. This last mentioned provision is extended by the charter to apply also to that candidate who receives a majority of all votes cast in the primary "for the candidates for the office for which he was a candidate."

Article X, §§ 4, 6, of the Charter provide that candidates nominated in a primary who are not entitled to a certificate of election "shall be voted upon in the general city election" to be held "on the first Tuesday in April of each odd numbered year." Sec. 1, of Article X, further provides that where there are two or more candidates for an office of councilman in any ward, then the two candidates receiving the highest number of votes for such office (without either candidate receiving a majority of all votes cast) shall be declared the nominees from their respective ward, and shall be voted upon only by the qualified voters of their respective wards.

The election of April 2, 1963, which was the election immediately preceding the filing of the petitions under consideration, was for the purpose of electing only one councilman, being in Ward 4. The nominee for Mayor and the nominees for Councilmen from the other wards had all received a majority of the votes cast in their respective races in the primary election of March 19, 1963, and each of such successful nominees were entitled to a certificate of election with directions under the Charter that the names of such successful nominees not be placed on the ballot after the primary.

The election of April 2, 1963, had been called by proclamation of the Mayor, issued February 5, 1963, in compliance with Art. X, § 3, of the Charter. In it the Mayor referred to this election as a "General Election." Under this provision of the Charter the City election following the primary is denominated "the election of officers provided for in this Charter." The proponent takes the position that it was a general election because it was so designated in the proclamation. Under the facts in this case the term "General Election" was a misnomer.

It will be noted in the election of April 2, 1963, the candidates from only one ward (4) were on the ballot. Under the Charter only the registered voters in that particular ward were entitled to vote. Also under the Charter if one of the candidates in Ward 4 had received a majority of the votes cast in the primary election of March 19, 1963, he would have been entitled to a cer-

tificate of nomination and the election of April 2, 1963, would have been unnecessary.

 We are of the opinion that the election of April 2, 1963, was not a general election under the construction of the Charter. This is true because only one contest in one ward was involved and at such election the voters in the three other wards of the City were not permitted to vote. This fact necessarily created a situation which did not contribute to the general public interest in the election.

We conclude that the numerical sufficiency of the petitions here under consideration may not be measured by the total number of votes cast in the April 2, 1963, election.

We are of the opinion that the reasoning in the case of In re Initiative Petition No. 13 of Oklahoma City, supra, only slightly different in facts, said case involving a special franchise election, and the case of Shelton v. Lambert, supra, are decisive of the present controversy. The latter case held that:

"Under Art. 18, Sec. 4(b), Oklahoma Constitution, a petition initiating an amendment to the municipal charter is required to bear that number of signatures which equals 25 per centum of the total number of votes cast at the next preceding election; the term 'next preceding election,' as employed in the cited section, means the general municipal election which next preceded the circulation and filing of an initiative petition."

Regardless of whether the city "primary" of March 19, 1963, or the city-wide "general" election of 1959 should control the number of signatures required to be affixed to the petitions here in question, such petitions are clearly insufficient for want of requisite quantum of signatures. It is therefore unnecessary to consider or determine by which of the two named elections the minimum number of signatures should be determined. In re Initiative Petition No. 196, State Question 273, 187 Okl. 120,

102 P.2d 153, 155. The petition was insufficient under either election.

We follow and approve the findings of fact and conclusions of law of the Referee.

Initiative petitions held insufficient.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, HODGES,. and LAVENDER, JJ., concur.

BERRY, J., concurs in result.