CHARTER CITIES — EMERGENCY CLAUSE ENACTMENT Article V, Section 58 of the Oklahoma Constitution does not apply to a Charter City. Title 34 O.S. 53 [34-53] (1971) does not apply to a Charter City. A contract entered into by one city council, absent any special considerations, is binding upon a subsequent city council. The Attorney General's office has received your opinion request, wherein you ask, in effect, the following questions: 1. Would Article V, Section 58 of the Oklahoma Constitution apply to a Charter City having Charter provisions as to Emergency Clause Enactment? 2. Does 34 O.S. 53 [34-53] (1971) apply to a Charter City? 3. Does a contract made by one city council bind a subsequent city council? (a) If the contract was between an agency of the United States and that city, would the answer be the same? 4. Does a lease of real property by one city council bind a subsequent city council? (a) Would such lease be binding if at a rate less than fair market appraised price? As to your first question, Article V, Section 58 of the Oklahoma Constitution states: "No act shall take effect until ninety days after the adjournment of the session at which it was passed, except enactments for carrying into effect provisions relating to the initiative and referendum, or a general appropriation bill, unless, in case of emergency, to be ex pressed in the act, the Legislature, by a vote of two-thirds of all members elected to each House, so directs. An emergency measure shall include only such measures as are immediately necessary for the preservation of the public peace, health, or safety, and shall not include the granting of franchises or license to a corporation or individual, to extend longer than one year, nor provision for the purchase or sale of real estate, nor the renting or encumbrance of real property for a longer term than one year. Emergency measures may be vetoed by the Governor, but such measures so vetoed may be passed by a three-fourths vote of each House, to be duly entered on the journal." As was stated in Norris v. Craw,25 Okl. 287, 105 P. 1000 (1910), the word "act" as used in this section means a bill passed by the Legislature of the State of Oklahoma. It is, therefore, clear that the answer to your first question is to be answered in the negative, in that Article V, Section 58 of the Oklahoma Constitution does not deal with or apply to a Charter City having a Charter provision relating to an Emergency Clause Enactment, but the same is only applicable to acts of the Legislature. As to your second question, 34 O.S. 53 [34-53] (1971) provides, in part: "No ordinance or resolution of a municipal legislature shall become operative until thirty days after its passage and approval by the executive officer, unless the same shall be passed over his veto and in that case it shall not take effect and become operative until thirty days after such final passage except such measures necessary for the immediate preservation of peace, health, or safety; . . . " Title 34 deals with general provisions concerning the initiative and referendum. Section 53, as stated in your question, has reference back to Title 34 O.S. 51 [34-51] (1971), which section deals with procedures in municipalities. Section 74 O.S. 51 [74-51] states: "In all cities, counties, and other municipalities which do not provide by ordinance or charter for the manner of exercising the initiative and referendum powers reserved by the Constitution to the whole people thereof, as to their municipal legislation, the duties required of the Governor and Secretary of State, by this Chapter, as to State legislation, shall be performed as to such municipal legislation by the chief executive and the chief clerk; and the duties required by this Chapter, of the Attorney General shall be performed by the attorney for the county, district, or other municipality. The provisions of this Chapter, including those relating to preparation of arguments shall apply to every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation, on which such city or town has not made or does not make conflicting provisions. . . ." The case law is clear that where a City Charter contains no provision relating to an election of an initiative measure to amend the Charter, the procedure to be followed will be governed by the Constitution and the Statutes of the State. See, Sharp v. Lee, 201 Okl. 49, 200 P.2d 756
(1949). In light of the foregoing, it is, therefore, clear that your second question is answered in the negative in that Title 34 O.S. 53 [34-53] (1971) does not apply to a municipality having a Charter form of government. With regard to questions three and four, the statutes provide that a municipality has the power to contract and do all other acts in relation to the property and affairs of the city, necessary to the good government of the same. See, Title 11 O.S. 568 [11-568] (1971). It is, therefore, clear that if a city enters into a contract to furnish services or where the city enters into a lease of real property made for a long term, the binding effect of such agreement will be determined by the provisions of the same and general laws relating to the contract. However, general case law, with regard to the binding effect of a contract upon a subsequent municipal council entered into by a prior council is that as expressed in 63 C.J.S., Municipal Corporations, 973: "The rules of law pertaining to a valid contract of a municipal corporation are not different from those pertaining to any other contract; the municipality is bound by the contract to the extent that a natural person, private corporation or legal entity is bound . . ." See, Wright v. Vinton Branch of Mountain Trust Bank,85 F.2d 973 (1936), and Salt Lake City v. State, 448 P.2d 350. See also, 17 C.J.S. Contracts, 1(2) at page 551, where it is stated: "Special rules of law will not be applied merely because a governmental body is a party to a contract, and equity makes no distinction between public bodies and private persons as to obligations arising out of contract." See, City of Glendale v. Chapman, 238 P.2d 162
(1952). It is clear that, absent any special circumstances, a contract made by one city council is binding upon a subsequent city council. It is, therefore, the opinion of the Attorney General that your questions be answered, as follows: As to question number one, Article V, Section 58 of the Oklahoma Constitution does not apply to Charter Cities having Charter provisions as to an Emergency Clause Enactment; as to question number two, 34 O.S. 53 [34-53] (1971) does not apply to a Charter City. Questions three and four cannot be fully answered without a factual determination, which facts are not presented herein. However, absent any special considerations, a contract entered into by one city council is binding upon a subsequent city council. (Donald B. Nevard)