**CITY OF OKLAHOMA CITY,**
Appellant,

v.

**Wylla Jane LEONARD, Appellee.**

**No. S–87–459.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1988.

Rehearing Denied Nov 17, 1988.

**380**

Robert D. Allen, Mun. Counselor, Lora Jean Lenzsch, Asst. Mun. Counselor, Oklahoma City, for appellant.

John McKee, Berry and McKee, Oklahoma City, for appellee.

### MEMORANDUM OPINION

BRETT, Presiding Judge:

Appellant, the City of Oklahoma City, a municipal corporation, has filed this appeal which we treat as an application for mandamus. This case originated in the City of Oklahoma City Municipal Court, a court *not of record* and bore Case No. 86-0150408; appellee, Wylla Jane Leonard, was charged with Public Drunk; she was found guilty, and punishment was assessed at a $40.00 fine. Appellee filed an appeal de novo in the District Court of Oklahoma County, and it bears Case No. CA-86-83.

The District Court of Oklahoma County did not conduct a trial de novo; but instead, at a pretrial hearing, sustained appellee's oral motion to dismiss the case because an exhibit was missing from the transcript. From the record before this Court, it appears that at the trial in the lower court a transcript was assertedly made and one of appellee's exhibits, a medical report made by AmCare, was omitted. As described in *Shelton v. Lambert*, 399 P.2d 467, 470 (Okl.Cr.1965), an appeal de novo is:

> When heard de novo, a cause is considered in the same manner as if it had originated before the tribunal to which it stands removed. Since on trial de novo all issues which may properly be litigated stand submitted for re-examination as though they had never been resolved before, there exist, in legal contemplation, no previous findings to which the law will attach a presumption of correctness.
>
> \*     \*     \*     \*     \*     \*
>
> We conclude that the burden of proof on trial de novo rests, as before, on protestants, precisely as in the lower tribunal (citations omitted).

Although *Shelton* was a civil matter decided by the Oklahoma Supreme Court, we find the law is the same in criminal matters.

One cannot create a court of record out of one that is not a court of record by having a transcript made. The transcript would have no more weight or use than a deposition or a preliminary hearing transcript would have. It is apparent the District Court Judge committed plain error when he ruled on the appellant's motion to dismiss as he did and subsequently when he denied the City's Motion to Reconsider. *See* 11 O.S.1981, § 27-129. This appeal, through no fault of appellant, is prematurely before this Court.

IT IS THEREFORE THE ORDER OF THIS COURT that this case shall be REMANDED to the District Court of Oklahoma County for an APPEAL DE NOVO.

BUSSEY, J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I dissent. Assuming the City of Oklahoma City, appellant, is properly before this Court on a reserved question of law as claimed in the brief filed on its behalf, it is well established that retrial is barred following appeal on a reserved question of law:

> The 22 O.S. [1981], § 1053 procedure for appealing on a reserved question of law applies only to review following a judgment of acquittal for the defendant or an order of the court authorized by law as an express bar to further prosecution. (citations omitted)

*State v. Ogden,* 628 P.2d 1167, 1169 (Okl. Crim.App.1981). The fact of the matter is that appellant is not properly before this Court on a reserved question of law because the district court dismissed the case without prejudice, and therefore this appeal should be dismissed. *See State ex rel. Macy v. Jackson,* 659 P.2d 361, 362 (Okl. Crim.App.1983). The majority recites no authority for ignoring the foregoing precedent and treating the attempted appeal as an application for relief by mandamus, a remedy not even requested by appellant. Judge Brett has concurred in the view that "the exercise of judicial discretion cannot be reviewed or corrected by mandamus, even though there is no remedy by appeal." *State ex rel. Worthen v. Walker,* 668 P.2d 1174, 1175 (Okl.Crim.App.1983). Further, I cannot agree with the majority's bald assertion that "[t]he lack of need or availability of a transcript is why certain courts are 'not of record'...." and that appellee has attempted to "create a court of record out of one that is not a court of record by having a transcript made." Obviously, only the Legislature can create municipal courts of record. Okla. Const. art. VII, § 1. Nothing in the record shows appellee was trying to create a court of record out of a court not of record. Accordingly, I dissent to the majority's assumption of jur-isdiction and remand of this case for a trial de novo.