Dear Representative Ray Vaughn
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 On an initiative or referendum petition, does a municipal clerk have the authority to exclude from the signature count certain signatures, which may render the petition legally insufficient for failure to possess the required number of signatures?
¶ 1 Municipalities may provide, by charter or ordinance, the procedure for exercising the people's initiative and referendum powers. 11 O.S. 2001, § 15-102[11-15-102]. Because we cannot review every municipality's charter or ordinances we will assume, for purposes of this Opinion, either (i) the municipality's charter or ordinance adopts and incorporates all constitutional and statutory law relating to initiatives and referendums; or (ii) the municipality's charter or ordinance fails to provide procedures for exercise of the people's initiative and referendum powers.
¶ 2 If a municipality provides, by charter or ordinance, the procedure for exercising the people's initiative and referendum powers, the procedure "shall be as nearly as practicable the same as those for measures relating to the people of the state at large." Id. If a municipality has not promulgated, by charter or ordinance, the procedure for exercising initiative or referendum powers then the procedure is governed by the Oklahoma Constitution and general State law except as otherwise provided by 11 O.S. 2001, §§ 15-101[11-15-101] through 15-110. Id. § 15-102. However, as required by State law, the duties of the Governor shall be performed by the mayor; the duties of the Secretary of State shall be performed by the municipal clerk; and the duties of the Attorney General shall be performed by the municipal attorney. Id.
 I. A Municipal Clerk Shall Not Include Certain Signatures In His Or Her Physical Count Of Signatures On An Initiative Or Referendum Petition.
¶ 3 The Oklahoma Constitution requires an initiative or referendum petition to be signed by a number of electors equal to or greater than 25% of the total number of votes cast at the next preceding general municipal election. Okla. Const. art. 18, §4(b); Belisle v. Crist, 425 P.2d 983, 984-85 (Okla. 1967). The municipal clerk "shall make a physical count of the number of signatures appearing" on a timely filed initiative or referendum petition. 11 O.S. 2001, § 15-104[11-15-104](A). However, nothing in 11O.S. 2001, §§ 15-101[11-15-101] through 15-110 provides direction as to what signatures should or should not be included in such physical count. We must therefore look to general State law to find such direction as required by 11 O.S. 2001, § 15-102[11-15-102].
¶ 4 State law provides:
 A. The Secretary of State[1] shall make or cause to be made a physical count of the number of signatures on the petitions. In making such count, the Secretary of State shall not include in such physical count:
 1. All signatures on any sheet of any petition which is not verified by the person who circulated the sheet of the petition as provided in Section 6 of this title;[2]
2. All signatures of nonresidents;
 3. All signatures on a sheet that is not attached to a copy of the petition;
 4. All multiple signatures on any printed signature line;
5. All signatures not on a printed signature line;
 6. Those signatures by a person who signs with any name other than his own or signs more than once; and
 7. All signatures on any sheet on which a notary has failed to sign, the seal of the notary is absent, the commission of the notary has expired or the expiration date is not on the signature sheet.
34 O.S. 2001, § 6.1[34-6.1] (emphasis added) (footnotes added).
¶ 5 Consequently, to the extent certain signatures on the initiative or referendum petition fall within one of the provisions in Section 6.1(A)(1)-(7), the municipal clerk shall not include such signatures in the physical count of signatures on the initiative or referendum petition. Id.
¶ 6 The enumerated list of signatures in Section 6(A)(1)-(7), which shall not be included in a clerk's physical count of signatures, is not exhaustive. In addition to the signatures which shall not be counted pursuant to the above-quoted Section 6.1(A)(1)-(7), 34 O.S. 2001, § 3[34-3] requires that:
 Each initiative petition and each referendum petition shall be duplicated for the securing of signatures, and each sheet for signatures shall be attached to a copy of the petition. Each copy of the petition and sheets for signatures is hereinafter termed a pamphlet. On the outer page of each pamphlet shall be printed the word "Warning", and underneath this in ten-point type the words, "It is a felony for anyone to sign an initiative or referendum petition with any name other than his own, or knowingly to sign his name more than once for the measure, or to sign such petition when he is not a legal voter". A simple statement of the gist of the proposition shall be printed on the top margin of each signature sheet. Not more than twenty (20) signatures on one sheet on lines provided for the signatures shall be counted. Any signature sheet not in substantial compliance with this act shall be disqualified by the Secretary of State.
Id. (emphasis added) (footnote omitted).[3]
¶ 7 Section 3 cited above, provides for three additional categories of signatures which shall not be included in the clerk's physical count of signatures. These additional three categories are not included in the list set forth in 34 O.S.2001, § 6.1[34-6.1](A)(1)-(7). The additional three categories of signatures which a clerk shall not count are: (1) all signatures of persons who are not legal voters; (2) all signatures included in "pamphlets"[4] that fail to contain on the outer page of the pamphlet the warning, "It is a felony for anyone to sign an initiative or referendum petition with any name other than his own, or knowingly to sign his name more than once for the measure, or to sign such petition when he is not a legal voter"; and (3) all signatures on a signature sheet that does not contain a simple statement of the gist of the proposition on the top margin of the signature sheet. Id. § 3.
¶ 8 If the clerk's exclusion of signatures pursuant to 34 O.S.2001, §§ 3[34-3] and 6.1(A)(1)-(7), causes the petition to contain fewer signatures than the required 25% of the votes cast at the last general municipal election, then the municipal clerk shall notify the public of the legal insufficiency of the petition, as described below.[5]
 II. The Municipal Clerk Must Give Notice Of The Signature Count And Sufficiency Or Insufficiency Of The Petition As Required By Law.
¶ 9 After the municipal clerk has made a physical count of the valid signatures appearing on the initiative or referendum petition, he or she "shall then publish, in at least one (1) newspaper of general circulation in the municipality, a notice of the filing and the apparent sufficiency or insufficiency of the petition." 11 O.S. 2001, § 15-104[11-15-104](A). The notice shall also state that any qualified elector of the municipality may file within ten days after the publication, in the district court in which the situs of the municipality is located, "a protest to the petition or an objection to the count made by the clerk." Id.
 ¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Absent any municipal charter provisions or ordinances governing the procedure for exercising the people's initiative and referendum powers, a municipal clerk has the authority to exclude, from the physical count of signatures required to be made pursuant to 11 O.S. 2001, § 15-104, the following signatures:
"1. All signatures on any sheet of any petition which is notverified by the person who circulated the sheet of the petitionas provided in [34 O.S. 2001, § 6[34-6]];
2. All signatures of nonresidents;
 3. All signatures on a sheet that is not attached to a copy of the petition;
 4. All multiple signatures on any printed signature line;
 5. All signatures not on a printed signature line;
 6. Those signatures by a person who signs with any name other than his own or signs more than once; . . .
 7. All signatures on any sheet on which a notary has failed to sign, the seal of the notary is absent, the commission of the notary has expired or the expiration date is not on the signature sheet"; (34 O.S. 2001, § 6.1(A))
 8. All signatures of persons who are not legal voters; (id. § 3)
 9. All signatures included in pamphlets that fail to contain on the outer page of the pamphlet the warning, "It is a felony for anyone to sign an initiative or a referendum petition with any name other than his own, or knowingly to sign his name more than once for the measure, or to sign such petition when he is not a legal voter" (id.); and
 10. All signatures on a signature sheet that does not contain a simple statement of the gist of the proposition on the top margin of the signature sheet. Id.
 Such exclusion of signatures from the physical count may render the initiative or referendum petition legally insufficient for failure to possess signatures equal to or greater than 25% of the votes cast at the last general municipal election as required by Article 18, Section 4(b) of the Oklahoma Constitution. If the clerk determines the initiative or referendum petition to be legally insufficient for failure to possess the required number of signatures, the clerk shall publish a notice of the filing and the apparent legal insufficiency of the petition. 11 O.S. 2001, § 15-104(A). The notice must also state that any qualified elector of the municipality may file, within ten days after the publication in the district court where the situs of the municipality is located, a protest "to the petition or an objection to the count made by the clerk." Id. § 15-104(B).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JANIS W. PRESLAR Assistant Attorney General
[1] As provided in 11 O.S. 2001, § 15-102[11-15-102], "the duties of the Secretary of State [with regard to initiative and referendum petitions] shall be performed by the municipal clerk[.]"
[2] Title 34 O.S. 2001, § 6[34-6] provides that each signature sheet of a petition shall be verified on the back by the person who circulated said sheet by affidavit in substantially the form set forth in Section 6.
[3] Although 11 O.S. 2001, § 15-103[11-15-103], dealing with municipal petitions, only expressly adopts the form requirements for State petitions set forth in 34 O.S. 2001, §§ 1[34-1] and 2, the form requirements for State petitions in 34 O.S. 2001, § 3[34-3] are made applicable to municipal petitions by 11 O.S. 2001, § 15-102[11-15-102], which says the procedure for exercising initiative and referendum power is governed by the Oklahoma Constitution and general State law to the extent said procedures do not conflict with 11 O.S. § 2001[11-2001], §§ 15-101 through 15-110, and so long as the municipality has not promulgated such procedures by charter or ordinance.
[4] "Each initiative petition and each referendum petition shall be duplicated for the securing of signatures, and each sheet for signatures shall be attached to a copy of the petition. Each copy of the petition and sheets for signatures is hereinafter termed a pamphlet." 34 O.S. 2001, § 3[34-3] (emphasis added).
[5] This procedure differs from the procedure for State questions. With regard to State referendum or initiative petitions, the Secretary of State makes a physical count of the signatures and certifies the count to the Oklahoma Supreme Court. The Oklahoma Supreme Court, not the Secretary of State, makes "the determination of the numerical sufficiency or insufficiency of the signatures counted by the Secretary of State." 34 O.S. 2001, § 8[34-8](C).