## CULLEN *et al.* v. SLONIKER.

No. 2820.   Opinion Filed September 23, 1913.

(135 Pac. 341.)

1. **JUSTICES OF THE PEACE—Appeal—Trial De Novo.** Article 7, sec. 14, of the Constitution, until otherwise provided by law, authorizes but one method of appeal from judgments of justice of the peace courts to the county courts, upon the hearing of which a trial de novo shall be had upon questions both of law and of fact.

2. **SAME—Appeal—Bill of Exceptions.** Sections 5034-5036, Wilson's Rev. & Ann. St. 1903, being sections 6376-6378, Comp. Laws 1909 (Rev. Laws 1910, secs. 5455-5457), providing for a proceeding in error by bill of exceptions from judgments of justices of the peace on questions of law, being repugnant to section 14 of article 7 of the Constitution of this state, were not extended over and put in force by section 2 of the Schedule to the Constitution.

(Syllabus by Sharp, C.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action in justice of the peace court by Alice P. Sloniker against James Cullen and others. Judgment was rendered for plaintiff, and from an order of the county court dismissing the petition in error filed therein by defendants, defendants bring error. Affirmed.

*Chas. N. Simon,* for plaintiffs in error.

*Nelson & League,* for defendant in error.

Opinion by SHARP, C. On the 26th day of November, 1910, in the justice of the peace court of John J. Slack, in Tulsa county, the plaintiff obtained a judgment against defendants in the sum of $56, from which said defendants attempted to prosecute error by filing in the county court of said county their petition in error, with certified transcript of the record and bill of exceptions attached, and causing summons in error to issue out of the county court. The petition in error assigned 43 grounds of error. The record being filed in the county court, the plaintiff filed therein her motion to dismiss said petition in error, alleging that the county court was without jurisdiction in the premises. The motion was sustained, exceptions allowed, and from the judgment of dismissal defendants have prosecuted this appeal.

It is argued at great length by counsel for plaintiffs in error that appeals may be prosecuted by proceedings in error, as was formerly done prior to the admission of Oklahoma into the Union as a state. To answer each and every one of the reasons urged, as contained in the brief of counsel, would serve no useful purpose, as this court has held in a number of cases that appeals from a justice of the peace court may not be thus prosecuted. *Gulf Pipe Line Co. v. Vanderberg,* 28 Okla. 637, 115 Pac. 782, 34 L. R. A. (N. S.) 661, Ann. Cas. 1912D, 407; *Redus v. Mattison,* 30 Okla. 720, 121 Pac. 253; *Patten v. Cagle,* 32 Okla. 499, 122 Pac. 154; *Fooshee & Brunson v. Smith,* 34 Okla. 247, 124 Pac. 1070. These decisions were based upon a construction of article 7, sec. 14, of the Constitution, conferring upon the county court, until otherwise provided by law, jurisdiction of all cases on appeal from judgments of justices of the

peace in both civil and criminal cases, and providing, further, that on appeal there should be a trial *de novo* on questions of both law and fact. Upon authority of the decisions cited, no error was committed by the county court in dismissing defendants' petition in error.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.