## FUSS v. ANDERSON.

No. 12106—Opinion Filed July 24, 1923.

(Syllabus.)

**1. Justices of the Peace—Review of Judgments—Procedure.**

In this jurisdiction there are two procedures for a review of a judgment of a justice of the peace court: First, by appeal to the county, superior, or district court, to be tried de novo upon both questions of law and fact; and second, by a review upon questions of law upon bill of exceptions and petition in error.

**2. Same—Review Upon Questions of Law —Statute—Validity.**

Sections 5455 and 5456, Revised Laws 1910, having been enacted since the adoption of the Constitution, "otherwise provide" for a review of judgment of a justice of the peace court, other than upon appeal to be tried de novo upon both questions of law and fact, and said sections 5455 and 5456, providing for review upon questions of law by bill of exceptions and petition in error, are not in conflict with section 14, art. 7, of the Constitution.

**3. Same—Necessity for Appeal Bonds.**

No appeal bond is required in order to review a judgment of the justice of the peace upon a bill of exceptions, but the judgment is not stayed unless appellant executes a supersedeas bond.

**4. Same—Right of Appeal—Necessity for Rendition of Judgment.**

While the aggrieved party who complains of the rulings and decisions of a justice of the peace involving questions of law which are decisive of the issues involved, may appeal by bill of exceptions, held, the appeal cannot be taken until after judgment is rendered in said court.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by J. H. Fuss against Lee Anderson. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

J. B. Drennan, for plaintiff in error.

W. H. C. Taylor and J. E. Falkenberg, for defendant in error.

MASON, J. This action was commenced by J. H. Fuss, plaintiff in error, hereinafter referred to as plaintiff, in the justice court in the town of Medford, Okla., on January 12, 1921, against the defendant in error, Lee Anderson, hereinafter referred to as the defendant.

The plaintiff in his bill of particulars claimed the sum of $199.23, which he alleged was due him for goods, wares, and merchandise bought of said plaintiff and delivered to said defendant at his special instance and request. Thereafter, on the same day, the plaintiff filed his affidavit for garnishment, upon which said court issued its summons in garnishment, directed to the First National Bank of Medford. The bank answered that it held the sum of $42.72 belonging to said defendant.

The cause was thereafter assigned for trial on the 25th day of January, 1921, and at said time the defendant filed his motion to dismiss, for the reason that the money garnished was exempt to him as the head of a family, and for the further reason that said money was current wages and earnings for personal services which he had earned during the last 90 days while working for Grant county on the public roads, and that a warrant for said work and services had been deposited for him in said bank.

The justice overruled the motion to dismiss, and thereupon, without any further proceedings in said court, the defendant prepared his bill of exceptions, which was signed by the justice and filed in the district court.

After said cause had been docketed in the district court, the plaintiff filed his motion to dismiss said appeal for the following reasons: First, that no appeal has been taken in the manner as provided by law; second, that no appeal bond has been filed as provided by law; third, that the court below has made no final order in said court that is appealable; fourth, that the stay bond is not sufficient in amount nor in form as provided by law; fifth, that chapter 188, Session Laws 1915, is unconstitutional and void and of no effect; sixth, that the bill of exceptions fails to show that the same contains all the record of the justice of the peace office pertaining to said cause.

Thereafter, said motion to dismiss the appeal, and the defendant's motion to dismiss the cause, which has been filed in the justice court and brought to the district court by bill of exceptions, were heard by said court and plaintiff's motion to dismiss the appeal was overruled and the defendant's motion to dismiss the case was sustained, from which rulings the plaintiff has perfected his appeal.

Plaintiff in error assigns the following specifications of error: That the court erred in overruling plaintiff in error's motion to dismiss the appeal of the defendant in error herein, and that the court erred in sustaining the motion of defendant in error and dismissing plaintiff's cause of action.

The first contention of plaintiff in error is that no appeal from the justice court to the district court was taken by the defendant in the manner as provided by law. Plaintiff in error contends that the defendant in taking said appeal relied on sections 5455, 5456, and 5457, Rev Laws 1910, which provide as follows:

"5455. In all cases which shall be tried by a jury before a justice of the peace, either party shall have the right to except to the opinion of the justice upon any question of law arising during the trial of the cause; and when either party shall allege such exception, it shall be the duty of the justice to allow and sign a bill containing such exception if truly alleged, with the point decided, so that the same may be made part of the record of the cause.

"5456. Bills of exception may be made and signed in any case tried before a justice of the peace, whether the action be tried by a jury or by the justice, and such bill may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter.

"5457. In all bills of exception it shall be competent for the party preparing the same to set out the pleadings, motions, and decisions of the justice of the peace thereon: and the whole of the evidence given or so much as may be necessary to preserve the point or points raised and decided on the trial, and the rulings and decisions of the court and exceptions made thereto on the trial."

He then cities Patten v. Cagle, 32 Okla. 503, 122 Pac. 154, and Cullen v. Sloniker, 39 Okla. 353, 135 Pac. 341, wherein the court held: That sections 5455-5457, Rev. Laws 1910, providing for a proceeding in error by bill of exceptions from judgments of justices of the peace on questions of law, being repugnant to section 14, of article 7, of the Constitution of this state, were not extended over and put in force by section 2 of the Schedule to the Constitution.

Section 14, article 7, of the Constitution, authorizes, until otherwise provided by law, but one method of appeal from judgments of justice of the peace courts, upon the hearing of which a trial de novo shall be had upon questions both of law and of fact.

These cases, which arose prior to the adoption of the Revised Laws of 1910, correctly stated the law, but counsel for plaintiff in error have evidently overlooked the case of Faust v. Fenton, 65 Okla. 243, 166 Pac. 731, wherein the court held, in the case which arose after the adoption of Revised Laws of 1910, that said adoption of sections 5455, 5456, and 5457, Rev. Laws a judgment of a justice of the peace", the rule being announced in the syllabus as follows:

"In this jurisdiction there are two procedures for a review of a judgment of a justice of the peace court: (1) By appeal to the county, superior, or district court, to be tried de novo upon both questions of law and fact; and (2) by review upon questions of law upon bill of exceptions and petition in error."

"Sections 5455 and 5456, Rev. Laws 1910, having been enacted since the adoption of the Constitution, 'otherwise provide' for a review of judgment of a justice of the peace court, other than upon appeal to be tried de novo upon both questions of law and fact, and said sections, 5455 and 5456, providing for review upon questions of law by bill of exceptions and petition in error, are not in conflict with section 14, art. 7, of the Constitution." Chicago, R. I. & P. Ry. Co. v. Lock, 69 Oklahoma, 172 Pac. 52.

Counsel for plaintiff in error next contend that said appeal should have been dismissed for the reason that no appeal bond was filed as required by section 5466, Rev. Laws 1910. We cannot agree with such contention, as this court in the case of Faust v. Fenton, supra, held that a procedure under sections 5455, 5456, and 5457, Rev. Laws 1910, does not require the execution of a bond, but the judgment of the justice is not stayed unless the appellant executes a supersedeas bond, which is authorized by section 5518, Rev. Laws 1910.

For reversal, it is next contended that the district court erred in not sustaining plaintiff's motion to dismiss defendant's appeal from the justice court for the reason that no final judgment had been rendered in said court, and that said appeal was premature and not in compliance with the statutes providing for such appeal.

It will be observed from reading section 5456, supra, that "such bill (of exception) may be signed at any time within ten days from the day on which judgment is given in the action, and not thereafter." It will also be observed that section 5455, supra, provides that "it shall be the duty of the justice to allow and sign a bill containing such exception, if truly alleged, with the point decided, so that the same may be made part of the record of the cause."

In Cook et al. v. Larson, 47 Kan. 70, 27 Pac. 113, the Supreme Court of Kansas, in construing a similar section, held, that the ten days for signing the bill dates from the day judgment is rendered, and not from the date of ruling during a trial.

We think these sections of the statute clearly show it was the intention of the lawmakers that appeals of this nature were not to be taken until after judgment in the justice court, but, disregarding the statutes, we would be constrained to so hold, as otherwise there would be no end to the expense and delay of litigation. If a litigant in the justice court could, each time he felt aggrieved by a ruling on a question of law, stop further proceedings in that court and go to the district court by a bill of exceptions and have that particular question settled, he could practically defeat justice, greatly hamper the work of the courts and all but eliminate his adversary in poor financial condition from a judicial determination of his claims.

We therefore hold that such appeal could not be taken until after judgment in the justice court, and that the district court erred in overruling the plaintiff's motion to dismiss the defendant's appeal.

Plaintiff in error calls attention to other errors for reversal, but inasmuch as the same are not argued in the brief, and no cases are cited in support thereof, the same will not be considered.

For the reasons above stated, the case will be reversed and remanded to the district court of Grant county, with directions to sustain the plaintiff's motion to dismiss the defendant's appeal from the justice court.

JOHNSON, C. J., and KENNAMER, NICHOLSON, COCHRAN, BRANSON, and HARRISON, JJ., concur.