HIGGS v. STATE INDUSTRIAL COMMISSION et al.

No. 32261.   June 18, 1946.

*170 P. 2d 240.*

Gore & Gore, of Altus, for petitioner.

George F. Short, Welcome D. Pierson, and John W. Singletary, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This proceeding was commenced by James T. Higgs, hereinafter called petitioner, to obtain an award against Wm. Cameron Company, the respondent, and its insurance carrier, the Pacific Employers Insurance Company. A hearing was conducted before a single trial commissioner, and on the 28th day of April, 1945, W. L. Cheatham, trial commissioner, entered an order denying an award. Notice of appeal was given and the proceeding was duly lodged before the entire commission as provided by 85 O.S. 1941. § 29.

Thereafter, on the 23rd day of June, 1945, the following order was entered:

"Now, on this 23rd day of June, 1945, the State Industrial Commission being regularly in session, this cause comes on for consideration, pursuant to appeal from the order of Wm. L. Cheatham, Trial Commissioner, to the Commission en banc as provided by Section 77, Title 85, O.S. 1941, and it appearing that said appeal was duly and regularly presented and heard and oral argument had by all the interested parties, on June 12,

1945, before Commissioners John Worley, C. L. Cheatham, Weldon Ferris and H. H. Cook, sitting as the Commission en banc, and the Commission, after a full review and consideration of the order made and entered in this cause by Commissioner Cheatham on April 28, 1945, together with all the records on file in this cause, and after presentation of said cause by oral argument, finds:

"That said order should be and hereby is affirmed adopted and made the Judgment of the Commission.

"It is therefore ordered: That the order and award made by Commissioner W. L. Cheatham, under date of May 29, 1945, entered on May 28, 1945, be and the same is hereby affirmed, adopted, and made the award of the Commission, on appeal.

"Upon the adoption of the foregoing order this 23rd day of June, 1945, the roll was called and the following Commissioners being the Commissioners who participated in the hearing en banc, voted as follows:

"Worley, Commissioner, Aye
"Cheatham, Commissioner, Aye
"Ferris, Commissioner, Dissents
"Cook, Commissioner, Dissents."

The petitioner has appealed from the order as entered and raises the single question that the State Industrial Commission has neither made nor denied an award as provided by 85 O.S. 1941 §§ 29 and 77. Respondents argue that the use of the words "appeal" and "notice of appeal" in 85 O.S. 1941 §§ 29 and 27 brings this case within the decisions of our court together with the other courts which hold, in effect, that where an appeal is taken from a lower court to a higher court and the only decision or order entered on appeal is by an equally divided court the effect thereof is to affirm the action of the lower court. Respondents cite in support thereof, Paine v. Foster, 9 Okla. 213, 53 P. 109; Grand Lodge A.O.U.W. v. Hobbie, 23 Okla. 479, 100 P. 540; Allison B. Bartlett et al. v. Jesse Cooper, 4 Kan. 119, and related authorities. We cannot agree that this constitutes an appeal in the sense denominated by the above cases. Although the statutes (85 O.S. 1941 §§ 29 and 77) use the word "appeal" and the phrase "notice of appeal," the distinction to be noted is that the proceeding from the commencement of the hearing by a single trial commissioner to and including the final order made under the provisions of 85 O.S. 1941 §§ 29, 75, and 77 are all in the same tribunal, and despite the use of the words "appeal" and "notice of appeal," the cause never leaves the tribunal and the use of the words "appeal" and "notice of appeal" is a method prescribed by the Legislature by which the parties may obtain the order of the entire commission or a majority thereof.

The rule to be adopted, therefore, is that applicable to the decisions rendered by a common forum. It is generally held that a finding of fact cannot be made by a tribunal that is equally divided. 21 C.J.S. Courts, § 184(b), p. 296; 15 C.J. p. 966; Howard v. Harrington, 114 Me. 443, 96 Atl. 769; L.R.A. 1917A, 211; Irons v. Hussey, 3 Ind. 158; In re Madlam's Appeal, 103 P. Rep. 584; and Summers v. Kramer, 271 Pa. 189, 114 Atl. 525.

Where, upon the question of whether relief should be granted or refused, the judges constituting the court are equally divided in opinion, full relief cannot be granted, and the subject matter with which the court is dealing must remain in statu quo. 21 C.J.S., supra.

Although not directly in point, a somewhat similar question was presented in State v. Industrial Commission, 233 Wis. 461, 289 N.W. 769. Therein an examiner authorized by the Wisconsin law conducted a hearing and the appeal was taken to the commission as provided by law. An equally divided commission purported to enter an order. The court said:

"The commission in reviewing findings and order of an examiner does not act as an appellate body but under its powers in an original proceeding. The commission is to make its own determination."

The only distinction is that the statute in Wisconsin provides the trial to the

examiner is not final unless acquiesced in, and that the commission as it deems necessary may take additional testimony, while in the case at bar under our statute the finding of the trial commissioner is final unless appealed from and the case on appeal is heard upon the record made before the trial commissioner. The distinction is without substantial merit. As is said by the Wisconsin court in State v. Industrial Commission, supra, the disposition of the matter must rest with the State Industrial Commission after the appeal is taken to the entire body.

It is our opinion that until the State Industrial Commission or a majority thereof, has entered an order making or denying an award, no final order has been entered in compliance with the above provisions of our Workmen's Compensation Act.

The order entered by the State Industrial Commission is vacated and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.