ARMOUR & CO. v. MOORE et al.

No. 35147.    Dec. 26, 1951.

Rehearing Denied Jan. 15, 1952.

Application for Leave to File Second Petition for Rehearing Denied Feb. 26, 1952.

*240 P. 2d 1113.*

Butler, Rinehart & Morrison, Oklahoma City, for petitioner.

Schwoerke & Schwoerke, Oklahoma City, and Mac Q. Williamson, Atty., Gen., for respondents.

HALLEY, V. C. J. The State Industrial Commission vacated an order made by the trial commissioner denying compensation to Doze Moore and ordered the case held in abeyance for further hearing at a later date.

The record discloses that on January 7, 1950, respondent while in the employ of petitioner sustained an injury consisting of a frozen foot.

At a hearing before the trial commissioner, he found that the injury sustained by respondent did not constitute an accidental injury and entered an order denying compensation.

An appeal was taken to the commission en banc. The commission found that the injury sustained by respondent Moore constituted an accidental injury, vacated the order of the trial commissioner, and ordered that determination of disability be held in abeyance to be determined at a later date.

The present proceeding is brought to review this order. The order is not a final order. It neither allows nor denies compensation. This court reviews only final orders and awards of the State Industrial Commission. 85 O. S. 1951 §29; City of Tulsa v. Wilkin, 198 Okla. 307, 178 P. 2d 100.

The question of the finality of the order is not raised or discussed by either party. The case has been briefed on the merits. Since, however, the order sought to be reviewed is not a final order, this court is without jurisdiction to entertain the petition. In Kansas Explorations, Inc., v. Blaine, 195 Okla. 428, 158 P. 2d 907, we said:

"An order of the Industrial Commission which vacates an order of the trial commissioner denying an award and sets the cause on the docket for further proceedings is not such an order as is subject to review prior to a final determination of the proceeding."

Petition to review dismissed and cause remanded to the State Industrial Commission for further proceedings.

CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.