## ANCHOR STONE & MATERIALS CO. et al. v. TERRY et al.

No. 35784.   Jan. 10, 1953.

*252 P. 2d 443.*

HORWITZ IRON & METAL CO. et al.
v. MYLER.

No. 35115.   Dec. 23, 1952.

Rehearing Denied Jan. 20, 1953.

252 P. 2d 475.

Rucker & Tabor, Tulsa, for petitioners.

Sanders & McElroy, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J.   W. H. Terry, as claimant, sought to obtain an award against Anchor Stone & Materials Company, petitioner herein.

The trial commissioner found that the claimant did not sustain an accidental injury arising out of and in the course of his employment and denied an award. Claimant appealed to the commission en banc, and on the 15th day of October, 1952, the commission en banc found that the claimant sustained an accidental injury arising out of and in the course of his employment and remanded the cause to the trial commissioner for further proceedings.

Petitioners have commenced this proceeding to review the order of the commission en banc. A motion to dismiss has been filed for the reason that the order is not a final order. The motion to dismiss must be sustained. A similar situation was determined in Armour & Co. v. Moore, 206 Okla. 72, 240 P. 2d 1113. Therein we stated:

"An order of the State Industrial Commission vacating an order of the trial commissioner denying compensation to employee and holding the case in abeyance for further hearing at a later date is not a final order, and this court is without jurisdiction to review such order."

The proceeding is dismissed and the cause remanded to the State Industrial Commission for further proceedings.