DIXON BROTHERS LUMBER & SUPPLY and Franklin Insurance Company, a Corporation, Petitioners,

v.

Grover WATSON and State Industrial Commission, Respondents.

No. 36771.

Supreme Court of Oklahoma.

March 15, 1955.

Covington & Donovan, Tulsa, for petitioners.

Howard Trigg, Frank Grayson, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On the 12th day of November, 1954, the State Industrial Commission, by trial commissioner, entered an order denying claimant an award finding that he was not an employee of respondent. The matter was appealed to the Commission en banc on December 9, 1954. The State Industrial Commission entered an order which is in part as follows:

"It is therefore ordered, That the order of the trial commissioner heretofore entered in this case on November 12th, 1954, be and the same is hereby reversed, and finds that claimant, Grover Watson, was an employee of Dixon Brothers Lumber and Supply Company on March 20th, 1954, and that said cause be remanded to the trial commissioner for further proceedings and that said order as modified be adopted and made the order of this Commission En Banc."

A motion to dismiss has been filed for the reason that this order was not a final order under the provisions of 85 O.S.1951 § 29. The motion to dismiss must be sustained. This court has repeatedly held that an order of the trial court which vacates a former order or award and holds the same in abeyance until the final determination of the State Industrial Commission is not such an order as can be brought to this court prior to the order making or denying the award. Nelson v. Carter Oil

Co., 191 Okl. 388, 130 P.2d 289; Kansas Explorations v. Blaine, 195 Okl. 428, 158 P.2d 907; Armour & Co. v. Moore, 206 Okl. 72, 240 P.2d 1113, and Anchor Stone & Materials Co. v. Terry, 207 Okl. 690, 252 P.2d 443.

The proceeding to review the order is dismissed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.