Herbert VIETH, Alvin Vieth, Elmer Vieth and Milton Vieth, a co-partnership doing business under the trade name of Vieth Brothers Machinery Company, Petitioners,

v.

Rena Amy COOK, Administratrix of the Estate of Kilman Cook, Deceased, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37155.

Supreme Court of Oklahoma.

Feb. 5, 1957.

Louis V. Woodruff, Kingfisher, J. I. Gibson, Oklahoma City, for petitioners.

O. A. Cargill, Sr., O. A. Cargill, Jr., John Chiaf, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Kilman Cook, as claimant, filed his first notice of injury and claim for compensation against Herbert Vieth, Alvin Vieth, Elmer Vieth and Milton Vieth, a co-partnership doing business under the trade name of Vieth Brothers Machinery Company, on July 21, 1953. On April 13, 1955, a single commissioner denied an award on the ground that the claimant was not an employee of the co-partnership. On the 9th day of November, 1955, the State Industrial Commission entered an order which is in part as follows:

"It Is Therefore Ordered, That the order of the Trial Judge, heretofore entered in this case on April 13th, 1955, be and the same is hereby reversed and remanded to take further testimony on the question of extent of permanent partial disability and duration of temporary total disability, the Commission En Banc, finding that respondent is liable for temporary total and permanent disability in said cause."

This proceeding was commenced by the above named members of the co-partnership to review said order. A motion to dismiss has been filed for the reason that the order is not subject to appeal. We agree. This court has many times held that an order which vacates an order of a single commissioner and leaves the proceeding for final disposition cannot be brought to this court under the provisions of 85 O.S.1951 § 29, prior to such final disposition. Dixon Bros. Lumber & Supply Co. v. Watson, Okl., 281 P.2d 182; Armour & Co. v. Moore, 206 Okl. 72, 240 P.2d 1113; Anchor Stone & Materials Co. v. Terry, 207 Okl. 690, 252 P.2d 443. In Anchor

Stone and Materials Co. v. Terry, supra, it is stated:

"An order of the State Industrial Commission vacating an order of the trial commissioner denying compensation to employee and holding the case in abeyance for further hearing at a later date is not a final order, and this court is without jurisdiction to review such order."

Until there has been a final disposition of the case before the State Industrial Commission either making an award for claimant or finally denying an award no proceeding can be brought to this court.

Proceeding dismissed.