Jess A. WOOLEY, James M. Johnson, Ronnie B. Jarvis, and Gilbert Sreaves, Petitioners,

v.

B.F. GOODRICH TIRE COMPANY, Own Risk, and the Workers' Compensation Court, Respondents.

Nos. 67516 to 67519.

Court of Appeals of Oklahoma, Oklahoma City Divisions.

March 22, 1988.

Rehearing Denied April 15, 1988.

Richard A. Bell, Norman, for petitioners.

R.H. Coiner, Jr., Miami, for respondents.

## MEMORANDUM OPINION

MacGUIGAN, Judge.

Four separate employees of B.J. Goodrich Tire Company filed their Workers' Compensation Claim seeking compensation for injuries allegedly sustained to their lungs and upper respiratory system. In each case the trial judge denied compensation on the grounds that the claimant "did not sustain an accidental personal injury or an occupational disease arising out of and in the course of claimant's employment." Each claimant has appealed and without objection from either party, the four cases were consolidated on appeal. Petitioners claim on appeal that the trial court erred in

denying compensation as there was no competent evidence supporting the trial court's order.

 After reviewing the record and the briefs of the parties, we conclude that there is no competent evidence to support the trial court's finding and thus it must be reversed and remanded. Specifically, the only evidence which supports the denial of compensation is Respondent's medical evidence, yet Respondent failed to substantially comply with the AMA Guidelines. All four claimants were examined by Respondents' doctor, and he concluded that each of the four claimants were "better than 60% of predicated value" and thus all claimants were classified as Class 1, or no impairment. However, the tables in the Guides reflect that if the tests of ventilatory function are greater than 60% predicated then the patient would fall in Class 2, or 10—25% mild impairment. Thus, under Respondents own medical figures, Petitioners would fall in Class 2, not Class 1. Although Petitioners' attorney did not object to the admissibility of Respondents' medical report and findings, counsel did object to its probative value as it did not substantially comply with the guidelines. Therefore, we conclude that Petitioner did preserve this issue for appellate review and that Respondents' medical evidence is incompetent as it does not substantially comply with the guidelines. *Special Indemnity Fund v. Stockton*, 653 P.2d 194, 200 (Okla.1982).

There is no competent evidence to sustain the trial court's finding, and thus it must be reversed and remanded with directions for trial court to enter an award of compensation based on the only competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

REVERSED AND REMANDED.

BAILEY, V.C.J., and HANSEN, J., concur.