**SUPREME WELL SERVICE and State Insurance Fund, Petitioners,**

v.

**Larry Junior EVES and the Workers' Compensation Court, Respondents.**

No. 81853.

Court of Appeals of Oklahoma, Division No. I.

Nov. 2, 1993.

Robert Highsaw, State Ins. Fund, Oklahoma City, for petitioners.

Duke Halley and David B. Christian, Halley & Christian, Woodward, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

Claimant Larry Eves was injured on the job on April 17, 1991, when a wrench on which he was pulling slipped. He fell backwards, hitting his head and knocking himself unconscious for several minutes. Initially he was conservatively treated, but his condition worsened. He had two discs removed from his neck in July, 1991. His treating physician released him on November 18, 1991.

On September 22, 1992, the Workers' Compensation Court entered an order awarding Claimant twenty-six per cent permanent partial disability due to neck injury with radiculopathy, ordering a vocational rehabilitation evaluation, and reserving for future determination issues relating to medical benefits and mileage for medical treatment. These benefits were awarded over and above a prior permanent disability award for a 1990 employment-related injury to his left arm.

After the vocational rehabilitation evaluation was completed, a hearing was conducted on May 28, 1993. At that hearing Claimant testified that because he had no other source of income, on November 23, 1991, he took a position as a rig operator, the same type of position he held when injured and which he had performed since 1958.

As a rig operator, Claimant runs controls with both hands and he must bend his neck and look up and down quickly as he raises and lowers blocks. He claims his neck "catches" when he tries to look down, and that this impedes his efficiency, making his operation of the rig dangerous for his co-workers. Claimant argued working as a rig operator caused him too much pain and was too risky for his co-workers. He claimed he had no other marketable job skills, and sought to learn cabinetmaking. The Workers' Compensation Court ordered Petitioners to provide Claimant with vocational rehabilitation services, and they filed this review proceeding.

Petitioners argue the Workers' Compensation Court erred in ordering vocational rehabilitation services because, by his own admission, the Claimant had returned to work in the same job. In 85 O.S.1991 § 16(A), the Legislature has provided: "When, as a result of the injury, the employee *is unable to perform the same occupational duties he was performing prior to the injury,* he shall be entitled to such vocational rehabilitation services, including retraining and job placement so as to restore him to gainful employment." (Emphasis added.)

The vocational rehabilitation counsellor noted Claimant's reports of increasing pain and stated: "I would think that he is a very high risk for reinjury [sic] to himself and possibly injury to the other worker [sic] if he continues in this same job," and recommended vocational retraining. However, the counsellor also states:

> My reasoning for recommending on-the-job training or training through a vocational technical program is not because client is incapable of doing his current job, but because of the problems he is having with his neck in doing this job and with the probability of another injury or reinjury [sic] if he continues doing his current job.

Thus, both the vocational expert and Claimant acknowledge that Claimant is capable of performing the same physical tasks as prior to his injury, and has, in fact done so, but because of pain and slowed ability to move his neck, i.e., partial disability, he cannot do so safely.

The critical issue is the meaning of the statutory phrase "occupational duties." If it means only the physical actions necessary to get the job done, Claimant is ineligible for rehabilitation benefits. If "occupational duties" include the requirement that the job be performed without creating unacceptable risks of injury to the employee or others, there is competent evidence to support the trial court's decision.

Considering our obligation to construe the Workers' Compensation Act liberally in favor of the worker, *In re Hughes,* 273 P.2d 450 (Okla.1954), we must opt for the latter meaning. Where, as here, there is competent

evidence that a worker is able to perform the physical tasks required by a job but, because of work-related disability, cannot perform those tasks without creating additional risks of injury to the worker or others, the Workers' Compensation Court may conclude that worker is "unable to perform the occupational duties" he or she was performing prior to the injury. This record contains competent evidence supporting the order entered by the Workers' Compensation Court, and its order is sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

SUSTAINED.

HANSEN, C.J., and JONES, P.J., concur.