**BURTON FURNITURE AND MATTRESS, and State Insurance Fund, Petitioners,**

v.

**Claudie B. JONES, and the Workers' Compensation Court, Respondents.**

No. 85727.

Court of Appeals of Oklahoma, Division No. 3

Nov. 21, 1995.

Robert Highsaw, State Insurance Fund, Oklahoma City, for Petitioners.

Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, for Respondents.

OPINION

ADAMS, Judge:

The facts of this case are undisputed. Claimant Claudie B. Jones is the sole proprietor of Burton Furniture and Mattress (the

business). Beginning in 1985, Claimant elected to cover himself as an employee under a workers' compensation policy for the business issued by the State Insurance Fund (Fund), as provided by 85 O.S.1981 § 3(4).[1] On June 17, 1987, Claimant filed a Form 3 claiming a May 14, 1985 injury to his heart. On December 15, 1988, the Workers' Compensation Court entered an order finding Claimant had sustained an accidental injury to the heart arising out of and in the course of his employment, awarded Claimant 25% permanent partial disability to the body as a whole, and ordered Fund to provide Claimant with reasonable and necessary medical care. No party sought review of that order.

Claimant moved to reopen his heart claim, alleging he had suffered a change of condition for the worse. Following a hearing on February 16, 1995, the trial court entered an order finding Claimant was totally and permanently disabled as a result of his change in physical condition for the worse and further ordered Fund to continue to provide medical maintenance. Fund filed an *en banc* appeal, and the three-judge panel affirmed.

Fund concedes that Claimant is an employee under the Workers' Compensation Act (the Act) because his workers' compensation policy included the endorsement required by § 3(4). Fund even goes so far as to say that Claimant is "unquestionably" entitled to permanent partial disability and reasonable and necessary medical expenses attributable to his change of condition for the worse. However, as its only argument for setting the order aside, Fund contends Claimant can not qualify for an award of "permanent total disability" as that phrase is defined in 85 O.S.1981 § 3(12):

> "Permanent total disability" means incapacity because of accidental injury or occupational disease to earn any wages in any employment for which the employee is or becomes physically suited and reasonably fitted by education, training or experience; loss of both hands, or both feet, or both

legs, or both eyes, or any two thereof, shall constitute permanent total disability.

Because he is the owner of the business, Fund argues, Claimant has discretion to pay himself a salary or receive any other money from the business regardless of how little he may actually work at the store performing the details of the business. Therefore, according to Fund, his livelihood does not depend upon his ability to work in the manner that a regular employee works, and he can not be considered totally disabled despite his uncontroverted inability to perform any of the tasks related to operating the business.

Fund's argument fails for two primary reasons. As noted in § 3(12), permanent total disability refers to one's incapacity to earn any *wages*. The term "wages" is defined by 85 O.S.1981 § 3(8) and means "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury." Fund's argument impermissibly broadens that definition to include any money received whether it is compensation for service or by virtue of an interest in the business. Claimant's undisputed testimony was that his son-in-law and wife now run the business, that he does absolutely no work for the business and draws no income or wages from the business.

More importantly, Fund's argument is inconsistent with the clear and unambiguous language contained in 85 O.S.1981 § 3(4). Under Fund's approach, no sole proprietor would ever be eligible for permanent total disability benefits so long as he or she owned the business covered by the insurance policy. However, § 3(4) provides that sole proprietors who elect to be covered under a workers' compensation policy "shall be deemed to be employees as respects the benefits of the Workers' Compensation Act." Permanent total disability is one such benefit, and the Act contains no provision which excludes a

---

1. The portion of 85 O.S.1981 § 3(4), relevant to this case, is:

   Sole proprietors, ... may elect to include the sole proprietors, ... if otherwise qualified, by endorsement to the policy specifically including them under any policy of insurance covering benefits under the Workers' Compensation Act. When so included the sole proprietors ... shall be deemed to be employees as respects the benefits of the Workers' Compensation Act.

properly endorsed sole proprietor from receiving permanent total disability benefits.

This record contains competent evidence supporting the order entered by the Workers' Compensation Court, and the order is sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Respondents' request for attorneys fee is denied.

SUSTAINED.

HANSEN, J., concurs.

HUNTER, P.J., concurs as to all except denial of attorney fees.