Louina M. GREEN, Petitioner,

v.

Kerr GLASS, CNA Insurance Co. and the Workers' Compensation Court, Respondents.

No. 85997.

Court of Appeals of Oklahoma, Division No. 3.

June 25, 1996.

Wilson Jones, Tulsa, for Petitioner.

Michael D. Gilliard, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for Respondents.

## OPINION

ADAMS, Vice–Chief Judge:

Claimant Louina M. Green worked for Employer Kerr Glass for twelve years. In August 1993, she filed a Form 3 alleging a binaural hearing loss with her last date of exposure on February 28, 1992. Claimant seeks review of an order of the workers' compensation court finding that Claimant had sustained a two-percent, permanent partial disability due to tinnitus from continued exposure to loud noise over a prolonged period, but had not sustained a compensable binaural hearing loss and denied Claimant's request for hearing aids.

█ Claimant first argues that the exclusive use of the American Medical Association Guides to the Evaluation of Permanent Impairment (Guides), as mandated by Workers' Compensation Court Rule 32, 85 O.S.1991, Ch. 4, App. and 85 O.S.1991 § 22(3), denies her equal protection of the law under the Fourteenth Amendment to the U.S. Constitution, and under Article 2, § 2 of the Oklahoma Constitution. Claimant's argument is premised on the assertion that evaluation of hearing loss must be based on the Guides, but in evaluating other injuries, according to Claimant, a physician may deviate from the Guides if an adequate explanation is given.

The authorities cited by Claimant do not demonstrate any disparate treatment. Section 3(11) of Title 85, Oklahoma Statutes (1991), the version in effect on Claimant's conceded "date of injury," required all evaluations on non-scheduled members to follow the Guides. Rule 20, Workers' Compensation Court Rules, 85 O.S.1991, Ch. 4, App., makes a similar requirement as does Rule 32. We can find no basis for Claimant's argument that hearing loss claims are treated any differently than injuries to other non-scheduled members. In the absence of "unequal" treatment, Claimant cannot demonstrate any denial of equal protection, and the trial court's decision will not be disturbed on the basis of Claimant's constitutional argument.

█ Claimant further argues that the trial court erred by awarding only 6 weeks of compensation for tinnitus, because under the Guides, tinnitus must be considered as an impairment to the body as a whole. Dispositive of that allegation is Rule 32(B), which provides that a hearing loss to both ears "shall not be converted to a whole person rating."

█ Lastly, Claimant argues that the denial of an award of hearing aids is contrary to the only competent evidence submitted to the trial court. We disagree. Employer's medical expert opined that Claimant would receive no benefit from hearing aids.

Claimant has not demonstrated that the order under review is not supported by competent evidence or resulted from error of law. The order is sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

SUSTAINED

HANSEN, P.J., and BUETTNER, J., concur.