2006 OK CIV APP 67

David L. MOORE, Petitioner,

v.

MUSTANG PUBLIC SCHOOLS; Comp-
source Oklahoma and The Workers'
Compensation Court, Respondents.

No. 102478.

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 5, 2006.

Joe Farnan, Law Offices of Joe Farnan,
Purcell, OK, For Petitioner.

Larry C. Brawner, Brawner Law Office,
Oklahoma City, OK, For Respondents.

Opinion by ROBERT DICK BELL,
Presiding Judge.

¶1 David L. Moore (Claimant) seeks re-
view of an order of a three-judge panel of the
Workers' Compensation Court (Panel) af-
firming the order of the trial judge. The
Panel found the Claimant did not suffer an
injury that arose out of and in the course of
his employment. For the reasons set forth
hereinafter, the Panel's order is sustained.

¶2 Claimant sought workers' compensa-
tion benefits for an on-the-job injury to his
left shoulder. Claimant allegedly suffered
this injury while working as an electrician for
Mustang Public Schools (Employer). The
evidence adduced at trial revealed Claimant
began experiencing problems with his left
shoulder in March, 2003. Claimant contin-
ued to work and waited for over a year to
seek any substantial medical treatment.
Employer denied the claim contending
Claimant failed to prove the injury was work-
related.

¶3 The trial court issued an order denying Claimant's claim on the basis that Claimant failed to prove he sustained an on-the-job injury to his left shoulder. A unanimous Panel affirmed the trial judge. Claimant now seeks review of the Panel's order. When a Panel's factual determination is submitted for our consideration, it must be reviewed by the traditional any-competence-evidence test of correctness. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548. Under this standard, our responsibility simply is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the Panel's decision is supported by any competent evidence.

¶4 On review, Claimant alleges the trial judge erred as a matter of law in finding Claimant did not sustain an accidental injury arising out of and in the course of his employment. He further asserts the court's factual finding is not supported by any competent evidence. Employer counters Claimant's evidence, which was subjective in nature and full of inconsistencies, failed to persuade the court that there was a causal connection between Claimant's work and the alleged injury. Employer further contended its medical evidence and a video of the Claimant introduced at trial supported a finding that the injury was not work-related. We agree with Employer's contentions. Although Claimant presented his own lay testimony and medical evidence that his injury resulted from cumulative trauma to his left shoulder as a result of his employment, the trial judge, who observes the demeanor of the witnesses in a workers' compensation case, is the sole arbiter of the credibility of the witnesses and the weight to be given to their testimony. *Peabody Galion Corp. v. Workman*, 1982 OK 42, ¶13, 643 P.2d 312, 315. Thus, the fact finder may choose to believe some evidence and reject other evidence which in its opinion lacks veracity.

¶5 Here, the record supports a finding that the origin of the original injury was, at best, indeterminable. Thus, even though there was some evidence to the contrary of the Panel's factual finding, the existence of that evidence is immaterial because we are searching only for competent evidence to support the Panel's factual finding. *Owings v. Pool Well Serv.*, 1992 OK 159, ¶7, 843 P.2d 380, 383. We will not reweigh the evidence. *Parks* at ¶12, 684 P.2d at 552.

¶6 We conclude the record contains competent evidence to support the Panel's finding that Claimant did not have an injury arising out of and in the course of his employment. On the basis of the foregoing, the Panel's order is sustained.

¶7 SUSTAINED.

HANSEN, J., concurs in result, and JOPLIN, J., concurs.