2009 OK CIV APP 48

**DEFENDER SERVICES and Liberty Mutual Insurance Company, Petitioners,**

v.

**Diana COOPER and The Workers' Compensation Court, Claimant,**

and

**Direct Staffing Solutions, Inc., and Compsource Oklahoma, Respondents.**

No. 106,427.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 3, 2009.

Stephanie Kaye Corbett, Law Office of Aimee J. Treece, Oklahoma City, OK, for Petitioners.

John S. Oldfield, Jr., Oklahoma City, OK, for Respondents.

ROBERT DICK BELL, Presiding Judge.

¶1 Petitioners, Defender Services, Inc. (Defender) and Liberty Mutual Insurance Company (Liberty), seek review of an order of a three-judge panel (Panel) of the Workers' Compensation Court dismissing Respondents, Direct Staffing Solutions, Inc. (Direct Staffing) and CompSource Oklahoma (CompSource), from the case. The Panel's order further ruled Defender bears full liability for workers compensation benefits payable to Diana Cooper (Claimant) because she was last injuriously exposed to the risk of cumulative trauma for a period of at least ninety days while employed by Defender. The Panel's order is sustained.

¶2 Claimant worked at the Goodyear plant for two employers. She first performed janitorial duties for Defender from February 2006 until September 2006. She denied experiencing any pain in her hands while working for Defender. She worked for Direct Staffing for four days in September 2006, and for 21 days from March 2007 until April 2007. While employed by Direct Staffing, Claimant worked with automated sewing machines. She was then reassigned to the re-rolling department where she had to lift 65–pound spools. Claimant testified she experienced immediate pain in her hands when she lifted the spools.

¶3 Claimant filed a Form 3 against Direct Staffing alleging a single incident injury to her left hand and left wrist with a date of last exposure on March 25, 2007. Claimant filed an amended Form 3 adding an alternative cumulative trauma injury claim to both hands and both wrists and naming Defender as a party. The trial court joined Defender as a proper party. After trial, the trial court found Claimant became aware she had sustained a cumulative trauma injury to both hands arising out of and in the course of her employment with Direct Staffing with the date of last injurious exposure on March 25, 2007. The court also found no injurious exposure while Claimant was employed with Defender and dismissed Defender without prejudice.

¶4 Direct Staffing appealed to the Panel. A unanimous Panel affirmed in part and modified in part the trial court's decision. The Panel dismissed Direct Staffing and CompSource and found Defender was responsible for the last injurious exposure pursuant to 85 O.S. Supp.2006 § 11(B)(5).[1] Defender sought review of that order.

¶5 On review, Defender contends there is no competent evidence to support the Panel's ruling that Claimant sustained a compensable injury while working for Defender. Defender points out Claimant was employed by Direct Staffing on March 25, 2007, the date she became aware of the trauma, and she had not worked for Defender for more than 2 months. Therefore, Defender maintains, Claimant suffered no injurious exposure during her employment with Defender.

¶6 Defender further contends the Panel's decision to dismiss Direct Staffing was contrary to law and not supported by any competent evidence because § 11(B)(5), which states "that the employer and its insurance

---

1. Section 11(B)(5) provides:

Where compensation is payable for an injury resulting from cumulative trauma, the last employer in whose employment the employee was last injuriously exposed to the trauma during a period of at least ninety (90) days or more, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier. If there is no employer in whose employment the employee was injuriously exposed to the trauma for a period of at least ninety (90) days, then the last employer in whose employment the employee was last injuriously exposed to the trauma and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall be liable therefor, with right to contribution from any prior employer or insurance carrier.

carrier with the last ninety days of injurious exposure shall alone be liable," does not provide an employer with the last ninety days of employment is liable. Instead, this language requires a finding of injurious exposure before an employer and its insurance carrier can be held liable.

¶ 7 Direct Staffing counters Defender is the appropriate responsible party for the instant cumulative trauma case. Direct Staffing points out Claimant's employment with Direct Staffing was only 4 days in September, 2006, and 21 days between March, 2007 and April, 2007, for a total of 25 days, whereas, Claimant was employed with Defender for more than 8 months. Therefore, Direct Staffing argues, Defender Services was properly identified as the employer responsible for the last injurious exposure.

¶ 8 The standard of review for a decision of the Workers' Compensation Court's decision is whether it is supported by "any competent evidence." *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 13, 684 P.2d 548, 552. It is this Court's responsibility to canvass the facts, not to weigh conflicting proof to determine "where the preponderance lies but only to ascertain whether the tribunal's decision is supported by competent evidence." *Id.* at ¶ 12, 684 P.2d at 552.

¶ 9 In this case, competent evidence supports the Panel's order that Defender was responsible for the last injurious exposure pursuant to 85 O.S. Supp.2006 § 11(B)(5). Accordingly, the Panel's order is sustained.

¶ 10 SUSTAINED.

BUETTNER, J., concurs, and ADAMS, J., specially concurs with separate opinion.

ADAMS, J., specially concurring.

¶ 1 Given the current state of the law concerning the standard of review applicable to review of decisions by a Three–Judge Panel of the Workers' Compensation Court which vacate a trial judge decision after finding it to be "contrary to law and against the clear weight of the evidence," I must concur. I write only to suggest that the result in this case could cause one to question the wisdom of allowing such panels unfettered power in applying their statutory standard of review in the intra-court review process.

¶ 2 All of the evidence concerning the onset of Claimant's symptoms established they first appeared shortly after Claimant began working for Direct Staffing and principally after she began lifting the 65–pound spools. The record contains no specific evidence of the precise manner in which Claimant used her hands and arms in her janitorial duties while employed by Defender. With the exception of a single medical report from Dr. Young, all of the expert medical evidence attributed her injury to the work for Direct Staffing. Dr. Young's report, without discussing in any detail how she used her hands while employed by any previous employer, attributes her problems to her "diabetes" or to "prior employment."

¶ 3 The trial judge, who had the opportunity to observe Claimant's testimony, including her denial that she had any problems before she began her more strenuous work for Direct Staffing, chose to reject Dr. Young's opinion, and accept the opinion of the other experts that her short time of employment by Direct Staffing, given its increased stress on Claimant's hand, was the major cause of her injuries. The panel order rejected that conclusion as "against the clear weight of the evidence."

¶ 4 Having reviewed the evidence in this record, I do not understand how that conclusion could be reached under any reasonable definition of "against the clear weight of the evidence." Dr. Young's report was the least reasoned, most general, of any of the medical reports and lacked explanation of why these problems would just have suddenly arisen when Claimant's duties with Direct Staffing required increased lifting with her hands.

¶ 5 Nevertheless, *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, prevents any appellate review of the manner in which a three-judge panel applies the standard of review required by 85 O.S.2001 § 3.6(A). Our task is limited to determining whether there is any competent evidence to support the *panel's order* or whether it is

otherwise "contrary to law."[1] I must agree that Dr. Young's report provides competent evidence to support the order.

¶ 6 I conclude with the observation that this case, and others like it, simply bear out the foresight of Justice Wilson's prediction that this approach could lead to the rather anomalous result of "affirming an *en banc's* reversal of the trial court where the court *en banc's* decision was supported by *some* competent evidence, even though the trial court's decision may have been overwhelmingly supported by the evidence." *Parks*, 1984 OK 53, ¶ 2, 684 P.2d at 553, (Wilson, J., dissenting) (Emphasis in original).

---

1. Justice Wilson unsuccessfully argued in her dissent that the failure of the panel to properly apply its standard of review was legal error. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, (Wilson, J., dissenting).