BAMA TRANSPORTATION and Own Risk, Petitioners,

v.

Richard P. GOFFE and Workers' Compensation Court, Respondents.

No. 66379.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 23, 1986.

Michael J. Masterson, Wilburn, Masterson & Holden, Tulsa, for petitioners.

Wilson Jones, Bryce Hill, Frasier & Frasier, Tulsa, for respondents.

BRIGHTMIRE, Judge.

The sole issue raised by the petitioning employer, Bama Transportation, is "whether Trial Court decision was against the clear weight of the evidence."

Such an issue, the supreme court of this state has decided, is not an appropriate subject for review by an appellate court. The standard of review we are to apply, according to the high court, is whether competent evidence supports the workers' compensation court order.[1]

We hold that it does and sustain the award.

## I

On July 21, 1985, the thirty-nine-year-old claimant, Goffe, was driving a Bama semi-trailer truck in the City of Tulsa around a southbound curve of Interstate Highway 244 (U.S. 75) near the Haskell Place on-ramp when he lost control. The big rig overturned causing Goffe to sustain serious injuries which, among other things, required eventual amputation of a leg.

Claimant admits he had consumed quite a bit of beer during the preceding twenty-four-hour period and the evidence was that his blood alcohol tested .11 percent upon arriving at the hospital after the accident. The trucker, however, blamed the mishap on evasive action he says he was forced to take when a small car pulled out in front of him, a maneuver which, because of his speed, resulted in his loss of control.

The employer on the other hand defended on the theory that the wreck resulted from intoxication—a defense ordained by 85 O.S.1981 § 11. Specifically the employer alleged that claimant either inflicted his injuries on himself with "willful intention" or else they "resulted directly from the intoxication."

Without making a specific finding on Bama's intoxication defense, the trial court awarded compensation to claimant. The court en banc found that the trial court's "order . . . was not against the clear weight of evidence nor contrary to law" and affirmed it.

Bama seeks, as we said earlier, appellate review of the foregoing court en banc "clear weight" finding which, as we have seen, the supreme court has concluded cannot be reviewed. Nevertheless, we will review the appealed order in terms of the competent evidence standard and the applicable law.

## II

First it is necessary to determine precisely what the law requires to be alleged and proved with regard to an employer's intoxication defense.

---

1. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984).

■ There are two sections of the Act that deal with intoxication and they read in relevant part as follows:

85 O.S.1981 § 11:

"Every employer ... shall pay ... [for] accidental personal injury ... without regard to fault ... except where the injury ... results directly from the intoxication ... of the injured employee...."

85 O.S.1981 § 27:

"In any proceeding for the enforcement of a claim for compensation ... it shall be presumed in the absence of substantial evidence to the contrary:

    .       .       .       .       .

4. That the injury did not result solely from the intoxication of the injured employee while on duty." [2]

Since both statutes deal with the defense of intoxication they should be construed together and, if possible, in harmony. We think they can be resulting in a rule of law which may be framed this way: An injured employee may not recover workers' compensation for an injury that results directly and solely from his voluntary intoxication. And in this regard the law presumes that an injury has not resulted solely from intoxication—a presumption that prevails unless overcome by substantial evidence to the contrary.

■ In the case at bar it is conceded that claimant possessed some degree of intoxication giving rise to the employer's defense. Such defense, in turn, under the foregoing statutes, begets two inquiries. The first is whether, when the facts give rise to a § 27 presumption, the presumption must prevail unless overcome with substantial evidence that subject injury was directly and solely due to the employee's intoxicated condition. And the second

is whether, in the event the presumption is overthrown by substantial evidence, the trial court is required to find in accordance with such substantial evidence even though there is conflicting direct or circumstantial evidence.

The first question is answered in the affirmative—that the statutory presumption prevails unless overcome by substantial evidence. The second question we answer in the negative.

Applying the resulting concepts to the case at bar two definitive issues are presented: (1) Was there substantial competent evidence before the workers' compensation court that claimant's intoxication was the direct and sole cause of the wreck? and (2) If so, is there competent evidence that claimant's intoxication was not the direct or sole cause of the accident?

### III

Under the circumstances of this case it is unnecessary to decide the first question, i.e. whether the presumption was overcome, because of our conclusion that there is competent evidence in the record which will support the trial court's finding that claimant's intoxication was neither the direct nor the sole cause of his injuries.

The award is sustained.

STUBBLEFIELD, P.J., and RAPP, J., concur.

---

2. Section 27 was repealed in 1986.