In the Matter of the DEATH OF James F. BIRDSELL, Deceased.

Diann K. BIRDSELL, Petitioner,

v.

PHILLIPS PETROLEUM COMPANY, an own risk carrier and the Workers' Compensation Court, Respondents.

No. 85268.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 19, 1995.

Rehearing Denied Oct. 24, 1995.

Certiorari Denied Jan. 11, 1996.

E.W. Keller, Keller, Fernald & Keller, Oklahoma City, for Petitioner.

T. Shane Curtin, Wiles & Curtin, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

GARRETT, Chief Judge:

Petitioner, Diann K. Birdsell (Claimant), filed a Form 3–A in the Workers' Compensation Court on behalf of her husband, James F. Birdsell (Birdsell), who died on May 10, 1991. Claimant alleged Birdsell died as a result of trauma injuries to his head, chest and abdomen during a vehicle accident which arose out of and in the course of his employment with Respondent, Phillips Petroleum Company (Employer). Employer denied Birdsell's accident arose out of and in the course of his employment and raised the affirmative defenses of voluntary intoxication, violation of safety rules and failure to use safety equipment.

On June 6, 1994, the trial court entered its order denying the claim. The court found Birdsell did not sustain an accidental injury arising out of and in the course of his employment with Employer which caused his death. The court also found:

> THAT at the time of [Birdsell's] accident on the job, [Birdsell] was intoxicated and that intoxication was a direct factor which caused the accident. [Birdsell] was also fatigued which was a direct factor in the cause of the claimant's accident and death.

Claimant filed an appeal to the Court *En Banc*. A three judge panel filed its order on March 6, 1995, which found the trial court's order was not against the clear weight of the evidence or contrary to law and affirmed. This review proceeding followed.

■ First, Claimant contends the intoxication defense does not apply where fatigue was a direct factor in the death. She argues that to prevent a compensable claim, the intoxication must have been solely and directly responsible for the injury, citing *Bama Transportation v. Goffe*, 732 P.2d 483, 485 (Okl.App.1986), 85 O.S.1991 § 11 (Now amended), and 85 O.S.1981 § 27 (Repealed 1986). Substantially similar to the present statute, section 11 provided as follows at the time of the injury in the instant case:

> Every employer subject to the provisions of the Workers' Compensation Act shall pay, or provide as required by the Workers' Compensation Act, compensation according to the schedules of the Workers' Compensation Act for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, ... *except where the injury ... results directly from the intoxication ... of the injured employee while on duty....* (Emphasis added).

Claimant contends that *Bama Transportation*, supra, held that to prevent an injured employee from recovering compensation, it must be shown the injury resulted directly and solely from his voluntary intoxication. Admittedly, she notes 85 O.S.1981 § 27, now repealed, was construed in conjunction with § 11 to reach the "sole and direct" cause requirement. However, she contends that, for the § 27 presumption to have had any effect, it was necessary to construe § 11 as allowing the intoxication defense only where it is shown to have both directly and solely caused the injury. Otherwise, she contends, the presumption was of no effect and served no purpose. Therefore, she contends the meaning of "direct" should not now be changed, and that the Workers' Compensation statutes should be liberally and broadly construed as a whole in favor of injured claimants.

We do not agree with Petitioner that the "sole and direct" cause requirement of the intoxication defense is still a viable construction of section 11. The Legislature clearly repealed § 27 and enacted no similar statute in its place. We will not hold that the Legislature did a vain and meaningless thing. We cannot extend the meaning of "direct" cause to include "sole and direct" cause.

■ Findings of fact made by the trial court are binding and conclusive in review

proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when factual findings lack support in competent evidence that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra. Although the medical evidence contains the opinion that fatigue was a direct cause of Birdsell's death, intoxication is also included as a direct cause thereof. The trial court's order, and the three judge panel's order affirming it, are both supported by competent evidence. It is unnecessary to consider Claimant's remaining proposition of error.

ORDER SUSTAINED.

CARL B. JONES, P.J., and JOPLIN, J., concur.